IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REFUGEE AND IMMIGRATION CENTER FOR EDUCATION AND LEGAL SERVICES, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:24-CV-00876-RP |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, | § § § § | |
| Defendant. | § § | |

**OPPOSED MOTION FOR EXTENSION OF TIME TO FILE RESPONSE**

Defendant United States Immigration and Customs Enforcement ("ICE") files this motion for extension of time to file a response to Plaintiff Refugee and Immigration Center for Education and Legal Services' ("RAICES") motion for summary judgment simultaneously with ICE's own motion for summary judgment, which is due on March 31, 2025.

**Introduction**

Based on a strained reading of the scheduling order governing this case, RAICES imposed upon itself a deadline to file a motion for summary judgment one month earlier than required. This is despite ICE's willingness to provide a draft declaration to RAICES in advance of dispositive motions to better inform RAICES of the nature and extent of ICE's searches and production, as well as a willingness to agree to a short extension of the deadlines in the scheduling order to accomplish an orderly briefing of the issues in this case. RAICES now seeks to hold ICE to its own self-imposed deadlines.

**Factual Background**

**I.    ICE's initial production to RAICES.**

In accordance with the scheduling order, ICE produced documents pursuant to its search to RAICES on November 26, 2024. ECF No. 15. In response, RAICES submitted a letter outlining the alleged deficiencies in the production in 126 bullet points. Ex. 1 (Letter from Katherine McNutt to David Goode).

**II.    ICE's subsequent post-production efforts.**

As stated in ICE's response letter, ICE conducted three additional searches in response to RAICES' November 26th letter in an effort to narrow the disputed issues. Ex. 2 (Letter from Landon Wade to Katherine McNutt). In accordance with RAICES' request, ICE agreed to provide a draft declaration/Vaughn index to RAICES in advance of dispositive motions once its three additional searches had been completed. Ex. 3.[1]

By February 26, the three additional searches had been completed. ICE estimated it would be able to provide RAICES a declaration by March 31, 2025. Ex 3.[2] Counsel for ICE proposed a motion to modify the scheduling order to provide a deadline of March 31, 2025 for ICE to provide the declaration, along with a corresponding dispositive motions deadline sometime in April— within one month of the current dispositive motions deadline. *Id.* RAICES declined ICE's proposal, insisting that an extension would result in delay. *Id.*[3] RAICES then filed its motion for summary judgment on February 28, 2025. ECF No. 17.

**III.    ICE's simultaneous efforts to resolve separate FOIA request from RAICES.**

---

[1] Correspondence from Jose Rodriguez to Landon Wade on February 7, 2025, and correspondence from Landon Wade to Katherine McNutt on February 19, 2025.
[2] Correspondence from Landon Wade to Katherine McNutt on February 26, 2025.
[3] Correspondence from Katherine McNutt to Landon Wade on February 27, 2025.

At the same time ICE was working with RAICES to resolve this case, RAICES indicated it planned to initiate litigation related to a separate FOIA request it had submitted in 2024. Ex. 4. Since that time, and in an effort to avoid more litigation, ICE was able to fast-track that request and perform a search yielding approximately 650 pages of potentially responsive records. Ex. 3.[4]

### IV. The parties' disagreement regarding briefing deadlines.

The scheduling order sets the following briefing deadlines: February 28, 2025, for "any motions [the parties] deem necessary" to resolve remaining issue with the searches and production in this FOIA case; and March 31, 2025, for "any dispositive motions" not covered by the February 28, 2025 briefing deadline. ECF No. 15 ¶¶ 4-5.

RAICES has interpreted the February 28th deadline to include dispositive motions, while ICE has interpreted the February 28th deadline to include motions other than dispositive motions (such as motions for discovery and motions to compel). Ex. 3.[5] The language setting these deadlines (proposed by the U.S. Attorney's Office) could certainly be clearer. But it makes little sense to insist that dispositive motions must be filed by February 28th when the later deadline of March 31, 2025 explicitly contemplates dispositive motions.

After RAICES filed its motion for summary judgment ahead of schedule, ICE asked if RAICES would be opposed to ICE filing a response to its motion for summary judgment at the same time it filed its motion for summary judgment on March 31, 2025—an extension that would amount to just two weeks. Ex. 3.[6] Counsel for ICE explained that an extension would avoid duplicative briefing. RAICES stated it was opposed to ICE's request. *Id.*[7]

---

[4] Correspondence from Landon Wade to Katherine McNutt on February 19, 2025.
[5] Correspondence between the parties on February 27, 2025.
[6] Correspondence from Landon Wade to Katherine McNutt on March 8, 2025.
[7] Correspondence from Katherine McNutt to Landon Wade on March 11, 2025.

## Argument & Authority

Federal Rule of Civil Procedure 6(b)(1) allows courts to extend the time by which "an act may or must be done . . . for good cause . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ." Fed. R. Civ. P. 6(b)(1)(A). "Even if good cause . . . [is] shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010) (per curiam) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-98 (1990)).

Good cause exists to extend the deadline for ICE's response to RAICES' motion for summary judgment from March 14, 2025 to March 31, 2025. Such an extension would dispense with the need for duplicative briefing. RAICES contends that ICE has not met its burden to demonstrate the sufficiency of its searches and justify its withholdings and redactions. ECF No. 17 at 11, 17. But RAICES has not given ICE the opportunity to provide a draft declaration and/or draft Vaughn index that would have provided the explanations of its searches and the bases for its redactions and withholdings. As the email correspondence between the parties shows, ICE offered to provide a draft declaration in advance of dispositive motions to narrow the issues before the Court. This would have necessitated only a brief extension to file dispositive motions, and it would have prevented the Court from having to rule on issues that may become moot in light of the information and documents provided. Permitting ICE to respond to RAICES' motion at the same time its own motion for summary judgment is due would allow the Court to review ICE's support for its searches, withholdings, and redactions all at once rather than in a piecemeal fashion.

Additionally, ICE's requested extension will not prejudice RAICES. The Court presumably will resolve the parties' competing dispositive motions all at once. A two-week

extension to respond to RAICES's motion for summary judgment will not delay the resolution of this case, especially considering the extension corresponds with the existing deadline for dispositive motions. To the extent RAICES complains about delays, any delays leading up to the parties' briefing deadlines have come as a natural result of ICE's efforts to resolve RAICES myriad complaints, including but not limited to: conducting three additional, post-production searches in response to 126 bullet points of alleged deficiencies; reviewing and producing documents in response to those additional searches; and fast-tracking a search related to a separate FOIA request after RAICES expressed an intent to initiate more litigation.

## **Conclusion**

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion and allow Defendant to file its response to Plaintiff's motion for summary judgment by March 31, 2025.

Dated: March 12, 2025　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　**Margaret F. Leachman**
　　　　　　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　By:　*/s/ Landon A. Wade*
　　　　　　　　　　　　　　**Landon A. Wade**
　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　State Bar No. 24098560
　　　　　　　　　　　　　　U.S. Attorney's Office
　　　　　　　　　　　　　　903 San Jacinto Blvd., Suite 334
　　　　　　　　　　　　　　Austin, Texas 78701
　　　　　　　　　　　　　　(512) 370-1255 (phone)
　　　　　　　　　　　　　　(512) 916-5854 (fax)
　　　　　　　　　　　　　　landon.wade@usdoj.gov

　　　　　　　　　　　　　　*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I certify that on March 12, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system,

　　　　　　　　　　　　　　*/s/Landon A. Wade*
　　　　　　　　　　　　　　Landon A. Wade
　　　　　　　　　　　　　　Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

I certify that between March 8, 2025 and March 11, 2025, I conferred with counsel for Plaintiff regarding this motion. Counsel for Plaintiff stated Plaintiff was opposed to the relief sought in Defendant's motion.

　　　　　　　　　　　　　　*/s/Landon A. Wade*
　　　　　　　　　　　　　　Landon A. Wade
　　　　　　　　　　　　　　Assistant United States Attorney