**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| REFUGEE AND IMMIGRATION CENTER FOR EDUCATION AND LEGAL SERVICES, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 1:24-CV-00876-RP |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, | § § § | |
| *Defendant*. | § § | |

## DEFENDANT'S COMBINED RESPONSE TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant United States Immigration and Customs Enforcement ("ICE") files this combined Response to Plaintiff Refugee and Immigration Center for Education and Legal Services' ("RAICES") Motion for Summary Judgment (ECF No. 17) and Cross-Motion for Summary Judgment.

## Introduction

This is a Freedom of Information Act ("FOIA") case. Under FOIA, federal agencies receiving a FOIA request must conduct a reasonable search for responsive records and make responsive records available to the public, subject to nine exemptions. 5 U.S.C. § 552(b). Here, RAICES challenges both the adequacy of ICE's search and the propriety of its claimed exemptions. For the reasons stated below and in the attached declaration and index, the Court should deny RAICES' motion and grant summary judgment in favor of ICE.

**Factual Background**

I.    **RAICES' FOIA Request**

This litigation stems from a FOIA request Plaintiff sent to ICE, seeking all physical and electronic records regarding Nylssa Krystella Portillo Moreno for the time period between January 1, 2019, through August 26, 2022, including but not limited to:

- Any records shared between ICE and the Travis County Sheriff's Office or Travis County regarding the issuance of a detainer or immigration hold for Ms. Portillo Moreno and Ms. Portillo Moreno's eligibility for immigration detention. This includes but is not limited to, a copy of the detainer or Form I-247;

- Any records shared between ICE and the United States Citizenship and Immigration Services ("USCIS") regarding Ms. Portillo Moreno on or after January 1, 2019;

- Any records that contain notifications, instructions, or inquiries that describe or relate to the basis or reason for the decision or determination to issue a detainer for Ms. Portillo Moreno, on or after January 1, 2019, including, but not limited to, any discussion, report, notification, or inquiry relating to Ms. Portillo Moreno's immigration status, existence of any special protected status, or lack of status. This includes, but is not limited to:

  o  Any entry in any database that notates Ms. Portillo Moreno's immigration status;

  o  Any I-213, EARM Case Summary, EARM Person History, or record of an encounter for Ms. Portillo Moreno, on or after January 1, 2019;

  o  Any record of queries or searches run on any database or database management system for Ms. Portillo Moreno, on or after January 1, 2019, in order to ascertain Ms. Portillo Moreno's immigration status or removability;

  o  Any output or report generated from a query in any such database that describes Ms. Portillo Moreno's immigration status; and

  o  Any communication, inquiry, analysis, memorandum, or recommendation by any ICE employee about Ms. Portillo Moreno's immigration status, Ms. Portillo Moreno's removability, or whether a detainer should be issued for Ms. Portillo Moreno.

- Any records of or notes from interviews ICE conducted with or about Ms. Portillo Moreno, including, but not limited to intake processing data and intake screening;

- Any records pertaining to Ms. Portillo Moreno's medical care, including, but not limited to, Ms. Portillo Moreno's medical records or patient files; documentation of medical treatment, care, symptoms, observation, history, and diagnoses of Ms. Portillo Moreno, including but not limited to mental health progress reports or records, medication management log, physician intake form; and record of all COVID-19 tests administered to Ms. Portillo Moreno and their results; and

- Any detainee or inmate grievances, complaints, "papelitos," sick call requests, and "kites" submitted by or about Ms. Portillo Moreno; and 8. Any disciplinary records or complaints submitted about or against Ms. Portillo Moreno while she was detained, or other communications or records relating to taking disciplinary action against Ms. Portillo Moreno.

ECF No. 17-2.

This request was sent to ICE at the same time RAICES sent a separate FOIA request to the Department of Homeland Security ("DHS"). Ex. 1, Decl. of Fernando Pineiro, ¶ 6. DHS referred the request it had received from RAICES to ICE. *Id.* Upon receipt of the referral from DHS, ICE input the request as 2022-ICFO-16466 and tasked ERO with the search. *Id.* ¶ 6-7. The search resulted in 16 responsive pages. *Id.* ¶ 7. After it had received the referral from DHS, ICE received RAICES' direct request to ICE, outlined above. *Id.* ¶ 8. The request was mistakenly added to the already existing 2022-ICFO-16466 and marked as a duplicate request. *Id.*

## II.    RAICES' Appeal

After ICE produced the 16 pages, RAICES appealed the ICE FOIA Office's response, alleging that ICE failed to conduct an adequate search, improperly withheld responsive documents and failed to provide legally sufficient explanations for its claimed exemptions. *Id.* ¶ 10. In response, ICE remanded the appeal to the ICE FOIA Office on March 30, 2023, and directed it to conduct a new search. *Id.* ¶ 11.

In June 2024, RAICES filed a request to expedite the production of responsive records. *Id.* ¶ 15. At this time, ICE had completed its search, and the responsive documents were in line to be processed. *Id.* RAICES filed the instant action on August 2, 2024, having not received a final

response from ICE. *Id.* ¶ 16.

### III.    ICE's Subsequent Searches and Productions

After RAICES filed suit, ICE performed a search in response to RAICES' direct request to ICE (not the request referred from DHS) that resulted in 280 pages and 2 Excel spreadsheets that were released to RAICES either in full or with partial redactions on November 26, 2024. *Id.* ¶ 18. After receiving a letter from RAICES outlining alleged deficiencies in the production, ERO, OPR, and OPLA were tasked with conducting another search on December 23, 2024. *Id.* ¶ 19. These searches yielded another 169 pages documents that were released to RAICES (either in full or with partial redactions) on February 27, 2025. *Id.* ¶ 24.

### IV.    RAICES Files Motion for Summary Judgment

On February 28, 2025, RAICES filed its motion for summary judgment, alleging that ICE failed to conduct an adequate search and failed to adequately justify its claimed exemptions. *See generally* ECF No. 17.

### Legal Standard

In general, summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).  "In the FOIA context, however, the traditional standard is modified because 'the threshold question in any FOIA suit is whether the requester can even see the documents the character of which determines whether they can be released.'"  *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010).

### I.    Adequacy of the Search

When the Government moves for summary judgment, a threshold matter is whether the agency fielding the request conducted a reasonable search for responsive records.  "An agency's search for documents in response to a FOIA request is adequate if it is 'beyond material doubt that

4

its search was reasonably calculated to uncover all relevant documents.'" *Jackson v. U.S. Dep't of Just.*, 270 F. Supp. 3d 90, 94 (D.D.C. 2017) (quoting *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011)) (cleaned up). When courts "consider the adequacy of a search in response to a FOIA request, the burden is on the agency to demonstrate that it made a 'good faith effort to conduct a search . . . using methods which can be reasonably expected to produce the information requested.'" *DiBacco v. Dep't of the Army*, 926 F.3d 827, 832 (D.C. Cir. 2019) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)); *Batton*, 598 F.3d at 176 (quoting same). "The adequacy of an agency's search for documents under FOIA 'is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case.'" *Negley v. U.S. Dep't of Just.*, 305 F. Supp. 3d 36, 43–44 (D.D.C. 2018) (quoting *Weisberg v. Dep't of Just.*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

## II.    Application of FOIA Exemptions

Once an adequate search is established, FOIA requires federal agencies to disclose documents within their control upon request unless the documents fall within one of the nine enumerated exemptions. *See* 5 U.S.C. § 552(b)(1)–(9). The government bears the burden to prove that documents fall within an exemption. *U.S. Dep't of Just. V. Tax Analysts*, 492 U.S. 136, 141 n.3 (1989); *Batton*, 598 F.3d at 175; *see also* 5 U.S.C. § 552(a)(4)(B) ("[T]he burden is on the agency to sustain its action.").

"Typically it does so by [1] affidavit," *Am. Civ. Liberties Union v. U.S. Dep't of Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011), and by [2] submitting "*Vaughn* indices describing the withheld documents and explaining why the withheld information fell under the claimed exemptions." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009). A *Vaughn* index is a table, common in FOIA cases, describing the withheld documents and explaining why the withheld information

fell under the claimed exemptions. *Batton*, 598 F.3d at 174. An agency's affidavits "are generally accorded the 'presumption of legitimacy' unless there is evidence that the agency handled the FOIA request in bad faith." *Id.* at 179.

Although the statute is designed to promote disclosure, "FOIA expressly recognizes that important interests are served by its exemptions, and those exemptions are as much a part of FOIA's purposes and policies as the statute's disclosure requirement." *Jobe v. Nat'l Transp. Safety Bd.*, 1 F.4th 396, 402 (5th Cir. 2021) (citing *Food Marketing Inst. V. Argus Leader Media*, 139 S. Ct. 2356, 2366 (2019) (cleaned up)); *see also FBI v. Abramson*, 456 U.S. 615, 630–31 (1982) ("While Congress established that the basic policy of [FOIA] is in favor of disclosure, it recognized the important interests served by the exemptions."). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible'" *Wolf v. C.I.A.*, 473 F.3d 370, 374–75 (D.C. Cir. 2007) (citations omitted).

## <u>Argument</u>

ICE conducted an adequate search in this case. ICE's detailed declaration describing the search is accorded the presumption of good faith, which RAICES cannot rebut. Moreover, through its declaration and *Vaughn* index, ICE has sufficiently established the propriety of its claimed FOIA exemptions. The Court, therefore, should enter judgment in favor of ICE and deny RAICES' motion for summary judgment.

## I.    **ICE conducted an adequate search.**

"To demonstrate that it has performed an adequate search, an agency must submit a reasonably detailed affidavit describing the search." *Jackson*, 270 F. Supp. 3d at 95 (citing *Oglesby*, 920 F.2d at 68). "That showing can be made through declarations that detail 'what records were searched, by whom, and through what process.'" *Am. Oversight v. U.S. Dep't of*

*Just.*, 401 F. Supp. 3d 16, 23 (D.D.C. 2019) (quoting *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994)).  As long as the agency "explain[s] 'in reasonable detail the scope and method of the search conducted,'" the declaration "'will suffice to demonstrate compliance' with FOIA." *Kidd v. Dep't of Just.*, 362 F. Supp. 2d 291, 295 (D.D.C. 2005) (quoting *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982)). Furthermore, "[a]gency affidavits—so long as they are 'relatively detailed and non-conclusory'—are 'accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *Taylor Energy Co. LLC v. U.S Dep't of Interior Bureau of Ocean Energy Mgmt.*, 271 F. Supp. 3d 73, 86 (D.D.C. 2017) (quoting *Mobley v. CIA*, 806 F.3d 568, 581 (D.C. Cir. 2015)). "Only where 'a review of the record raises substantial doubt, particularly in view of well-defined requests and positive indications of overlooked materials,' should summary judgment be denied." *Id.* (quoting *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 314 (D.C. Cir. 2003)); *DiBacco*, 926 F.3d at 832 (citing *Valencia–Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999)).

**A.      ICE has provided a comprehensive overview of its FOIA search process.**

ICE's declaration provides a comprehensive overview of its search process in FOIA cases. It describes: how requests are entered into its database and assigned tracking numbers; the ICE directorates in which records are maintained; how the ICE FOIA office determines which program offices and directorates are likely to possess responsive records; the mechanism and processes by which program offices assigned a search task engage in their search and send responsive records back to the ICE FOIA Office; and how the ICE FOIA Office reviews potentially responsive records before documents are produced to the requestor. Ex. 1 ¶¶ 25-32.

**B.      ICE has provided a detailed explanation of its search in this case.**

After providing a description of the search process in general, ICE's declaration gives a

detailed description of the search conducted in this specific case. ICE initially tasked its Office of Enforcement and Removal Operations ("ERO") with the search due to the subject matter of Plaintiff's request. Ex. 1 ¶ 34. ERO is responsible for the arrest and removal of aliens, managing ICE detention operations, and providing medical and mental health care to persons in ICE custody. *Id.* ¶ 35. In ICE's first production following the filing of Plaintiff's suit, the ERO search yielded 280 pages of documents and 2 Excel spreadsheets. *Id.* ¶ 39.

Following its first production in November 2024, ERO was tasked with performing another search, as was the Office of the Principal Legal Advisor ("OPLA") and the Office of Professional Responsibility ("OPR"). *Id.* ¶ 40. The searches were expanded due in part to correspondence received from Plaintiff's counsel in December 2024, as well a closer review by ICE. *Id.* ICE's declaration provides the precise search terms used for each of the searches conducted by ERO, OPLA, and OPR, as well as the processes involved in the searches. *Id.* ¶¶ 40, 43, 45. The declaration also explains why ICE's Office of Public Affairs ("OPA") directorate was not searched. *Id.* ¶ 46. OPA is charged with telling ICE's sotory through outreach to employees, the media, and the general public. *Id.* After reviewing Plaintiff's FOIA request and complaint, ICE FOIA determined that OPA would likely not have any responsive records because the immigration case at issue did not have broad visibility. *Id.*

In total, the searches performed resulted in 449 pages of responsive records. *Id.* ¶ 47. These records were produced to Plaintiff in an initial production on November 26, 2024, and a supplemental production on February 27, 2025. *Id.*

## II.    ICE's *Vaughn* index and declaration support the claimed FOIA exemptions.

Having established the adequacy of its search, ICE now addresses the propriety of its claimed FOIA exemptions, as supported by the Pineiro declaration and the attached *Vaughn* index.

*See* Ex. A to Ex. 1. ICE's *Vaughn* index demonstrates ICE's comprehensive, line-by-line review of all potentially responsive records. *Id.* It contains the identification of specific documents, an indication of whether the document is partially or fully redacted, a description of the documents, and ICE's justifications for its assertion exemptions. *Id.* It also contains the redaction codes, which are citations to the statutory FOIA exemptions. Ex. 1 ¶ 49.

As explained above, an agency's declarations "are generally accorded the 'presumption of legitimacy' unless there is evidence that the agency handled the FOIA request in bad faith." *Batton*, 598 F.3d at 179. And an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible'" *Wolf*, 473 F.3d at 374–75 (citations omitted). Here, ICE has satisfied its burden to establish the propriety of its claimed FOIA Exemptions: Exemptions 5, 6, and 7.

### A.    ICE properly claimed Exemption 5.

Exemption 5 excludes from disclosure "inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. 552(b)(5); *Jobe v. Nat'l Transportation Safety Bd.*, 1 F.4th 396, 399 (5th Cir. 2021), cert. denied, 142 S. Ct. 757 (2022). "Exemption 5 incorporates the various privileges which commonly shield government documents (most commonly, but not always, pre-decisional and/or deliberative in character) from disclosure during litigation." *Id.* at 408. The deliberative process privilege protects the confidentiality of candid views and advice of U.S. Government officials in their internal deliberations related to policy formulation and administrative direction. *Id.* at 400.

Here, ICE has invoked Exemption 5 to protect pre-decisional and deliberative discussions related to Ms. Portillo Moreno's Stay of Removal request. Ex. 1 ¶ 53. ICE initially redacted the final response to the request but, upon further review, has determined to withdraw that specific

redaction. *Id.* This page will be reprocessed and released to Plaintiff accordingly, with the final response unredacted. *Id.*[1] The internal, pre-decisional, and deliberative discussions leading up to ICE final response, however, maintain withheld. *Id.* ICE's declaration explains that the discussions and deliberations withhold under Exemption 7(E) were pre-decisional in nature because they were prepared by ERO to assist in making a final decision on how to respond to Ms. Portillo Moreno's Stay of Removal request. *Id.* ¶ 54. Such internal, deliberative, and pre-decisional discussions are properly withheld under Exemption 5. *See Isiwele v. United States Dep't of Health & Hum. Servs.*, 85 F. Supp.3d 337, 357–58 (D.D.C. 2015) (holding that a USCIS adjudicator's pre-decisional notes from an immigration worksheet were properly withheld under Exemption 5).

### B.    ICE properly claimed Exemptions 6 and 7.

ICE claimed Exemption 7 in two different contexts: one in conjunction with Exemption 6 to protect individual privacy (Exemption 7(C)), and the other to protect law enforcement techniques and procedures (Exemption 7(E)).

#### 1.    ICE has met Exemption 7's threshold requirement.

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm. 5 U.S.C. § 552(b)(7); *Abramson*, 456 U.S. at 622. "To show that . . . documents were compiled for law enforcement purposes, the [agency] need only establish a rational nexus between the investigation and one of the agency's law enforcement duties and a connection between an individual or incident and a possible security risk or violation of federal law." *Blackwell v. FBI*, 646 F.3d 37, 40 (D.C. Cir. 2011) (internal quotation marks and citations omitted).

Here, ICE's declaration explains that ICE is the largest investigative arm of DHS and is

---

[1] Plaintiff can expect to receive any reprocessed documents by April 4, 2025.

responsible for identifying and eliminating vulnerabilities within the nation's borders. Ex. 1 ¶ 58. It further explains that the records and information at issue in this matter pertain to ICE's obligation to enforce the immigration laws of the United States, and that they were collected and compiled by ICE law enforcement officers advancing law enforcement missions. *Id.* ¶ 59. ICE has therefore met Exemption 7's threshold requirement by demonstrating that the records and information at issue in this case were compiled for law enforcement purposes. *See Rojas-Vega v. United States Immigr. & Customs Enf't*, 302 F. Supp.3d 300, 309 (D.D.C. 2018).

### 2. ICE properly claimed Exemption 7(C) in conjunction with Exemption 6.

Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Any information that "applies to a particular individual" qualifies for consideration under this exemption. *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982). Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(7)(C). Analysis under either exemption requires the Court to balance the privacy interests of the individuals mentioned in the records against the public interest in the records' disclosure. *See Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 171 (2004).

The overwhelming majority of redactions in this case were redactions made pursuant to Exemptions 6 and 7(C). ICE applied these redactions to protect from disclosure the personally identifiable information ("PII") of third-party individuals (detainees) and ICE employees. Ex. 1 ¶ 63. As explained in ICE's declaration, ICE employees have received an increase in threats, intimidation, and personal attacks in recent years due to the nature of their work. *Id.* ¶ 65. Publicly disclosing employees' PII could subject ICE employees to harassment or harm. *Id.* Additionally,

the release of email addresses, which are not publicized, could expose ICE employees to an increased risk of cyber threats. *Id.* Third-party individuals also have a privacy interest in not being publicly associated with law enforcement investigations through the release of records compiled for law enforcement purposes. *Id.* ¶ 66.

After determining the individuals identified in responsive records have a cognizable privacy interest, ICE FOIA balanced the interest in safeguarding those privacy interests against the public's interest in how ICE performs its statutory duties. *Id.* ¶ 68. In doing so, ICE FOIA redacted only the names and PII of the affected individuals which, if released, would not shed any further light on the operations or activities of ICE. *Id.* Because ICE properly balanced the privacy interests of its employees and third parties against the minimal public interest in their disclosure, its invocation of Exemptions 6 and 7(C) should be upheld. *Favish*, 541 U.S. at 171.

### 3.    ICE properly claimed Exemption 7(E).

Exemption (7)(E) protects from disclosure documents that "would disclose techniques and procedures for law enforcement investigations or prosecutions . . . if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). To justify withholding of information under Exemption 7(E), an agency must "demonstrate logically how the release of the requested information might create a circumvention of the law." *Blackwell*, 646 F.3d at 42 (quoting *Mayer Brown LLP v. I.R.S.*, 562 F.3d 1190, 1194 (D.C. Cir. 2009) (internal quotations omitted).

Here, ICE applied Exemption 7(E) to sensitive law enforcement information, such as internal codes, file numbers, and case numbers. Ex. 1 ¶ 71. ICE also applied Exemption 7(E) to internal ICE documents such as classification worksheets and scoring tools. *Id.* ICE's declaration explains that this information is compiled by law enforcement for the purpose of conducting

removal operations. *Id.* ¶ 72. Disclosure of the methods ICE uses to conduct removal operations could cause harm by allowing bad actors to use this information to evade removal or to obtain access to confidential law enforcement information and intelligence. *Id.* ¶¶ 72-73. Additionally, disclosures of this information could enable an individual to cause disruptions to ICE's efforts to enforce immigration laws. *Id.* ¶ 73. This is information properly withheld under Exemption 7(E). *See Ortiz v. U.S. Dep't of Justice*, 67 F. Supp.3d 109, 122 (D.D.C. 2014) (concluding that ICE properly withheld "external system identification numbers, and other law enforcement agency database case numbers, or identifiers, means of access to intra-agency databases to include case file numbers, event numbers, internal codes, computer function commands, identification numbers, and other law enforcement codes and numeric references" under Exemption 7(E)).

## III.    RAICES' motion for summary judgment should be denied.

RAICES' motion for summary judgment should be denied because it has not demonstrated it is entitled to judgment as a matter of law. RAICES attacks the adequacy of ICE's search and propriety of its claimed exemptions, but it relies almost exclusively on a declaration ICE provided with its initial production. *See* ECF No. 17-8 (Declaration of Fernando Pineiro, dated November 26, 2024). This declaration is now stale in light of the declaration attached to this motion (along with the *Vaughn* index), which provides a comprehensive explanation of the search process in this case from beginning to end. *See* Ex. 1. RAICES has not raised a substantial doubt as to ICE's search efforts because it does not address the totality of its search. Similarly, RAICES has not shown that ICE's claimed exemptions are illogical or implausible because it addresses only the justifications in the November 26th declaration.

### Conclusion

ICE has demonstrated that it performed an adequate search, and it has sufficiently justified its claimed exemptions through a detailed declaration and *Vaughn* index. ICE therefore respectfully requests that the Court grant its motion for summary judgment and deny RAICES' motion for summary judgment.

Dated: March 31, 2025                    Respectfully submitted,

                                         **Margaret F. Leachman**
                                         Acting United States Attorney

                            By:    */s/ Landon A. Wade*
                                   **Landon A. Wade**
                                   Assistant United States Attorney
                                   State Bar No. 24098560
                                   U.S. Attorney's Office
                                   903 San Jacinto Blvd., Suite 334
                                   Austin, Texas 78701
                                   (512) 370-1255 (phone)
                                   (512) 916-5854 (fax)
                                   landon.wade@usdoj.gov

                                   ***Attorney for Defendant***

### CERTIFICATE OF SERVICE

I certify that on March 31, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system,

                                   */s/Landon A. Wade*
                                   Landon A. Wade
                                   Assistant United States Attorney

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| REFUGEE AND IMMIGRATION CENTER FOR EDUCATION AND LEGAL SERVICES, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:24-CV-00876-RP |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, | § § § | |
| Defendant. | § § | |

## SUPPLEMENTARY DECLARATION OF FERNANDO PINEIRO

### I.    INTRODUCTION

I, Fernando Pineiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1**.**     I am the FOIA Director of the U.S. Immigration and Customs Enforcement ("ICE") Freedom of Information Act ("FOIA") Office. I have held this position since August 14, 2022, and I am the ICE official immediately responsible for supervising ICE responses to requests for records under the Freedom of Information Act, 5 USC § 552 (the FOIA), the Privacy Act, 5 U.S.C. § 552a (the Privacy Act), and other applicable records access statutes and regulations. Prior to this position, I was the Deputy FOIA Officer of the ICE FOIA Office from December 29, 2013, to August 13, 2022, and prior to that I was the FOIA Officer for three years at the Office for Civil Rights and Civil Liberties ("CRCL") at the U.S. Department of Homeland Security ("DHS"). The ICE FOIA office mailing address is 500 12th Street, S.W., STOP 5009, Washington, D.C. 20536-5009.

2.     My official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office, which is responsible for the receipt, processing, and response to all FOIA, 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE, including overseeing the receipt and response to FOIA referrals and consultations from

1

other federal agencies.  In that capacity, I manage and supervise a staff of ICE FOIA Paralegal Specialists, who report to me regarding the processing of FOIA and Privacy Act requests received by ICE.  Due to my experience and the nature of my official duties, I am familiar with ICE's procedures for responding to requests for information pursuant to provisions of the FOIA and the Privacy Act.

3.    I make this declaration in support of ICE's Response to Plaintiff's Motion for Summary Judgment and ICE's Cross-Motion for Summary Judgment in the above-captioned case. The statements contained in this declaration are based upon my personal knowledge, my review of documents kept by ICE in the ordinary course of business, and information provided to me by other ICE employees in the court of my official duties.

4.    The purpose of this declaration is to provide a description of how ICE received Plaintiff's FOIA request, how ICE searched for and processed records in response to Plaintiff's FOIA request, and how ICE disclosed records located in response to Plaintiff's FOIA requests.

5.    In addition, in accordance with the Requirements set forth in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), this declaration explains the basis for withholding portions of the requested information pursuant to FOIA Exemptions (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E), 5 U.S.C. §§ 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E). **ICE's *Vaughn* Index is attached hereto as Exhibit A**.

## II.    PROCEDURAL HISTORY OF THE PLAINTIFF'S FOIA REQUEST AND THE INSTANT LITIGATION

6.    This case started with a referral of a request that Plaintiff made to the Department of Homeland Security (DHS). DHS subsequently referred that request to ICE and it was input as 2022-ICFO-16466 on May 16, 2022 and acknowledged by ICE on May 17, 2022. Importantly, the DHS request did not contain the annotation, "Please do not forward this request to CBP, USCIS, or other agencies because we have already submitted requests directly to them."

7.    Following receipt of the request from DHS, Enforcement and Removal Operations (ERO) was tasked with conducting a search. On November 13, 2022, a manual review and search based on the following search terms was conducted: "Nylssa Krysthella Portillo Moreno," "Alien Number," "DOB: ███/1984," "Aliases," "XXXXXX044[1]," and

---

[1] Plaintiff's full A# was used to search for responsive records but is hidden here and throughout the Declaration so as not to be made public.

"COB: El Salvador." ERO's initial search resulted in with sixteen (16) pages of responsive records, which were provided to Plaintiff, and further recommended that the FOIA request be sent to USCIS for Plaintiff's A-File.

8.      On May 26, 2022, ICE received Plaintiff's actual request that was directed to ICE, which was different than the request which DHS had referred to ICE. This request, received after DHS' referral, was then mistakenly added to the correspondence log of 2022-ICFO-16466 as a "duplicate" request and no further actions were taken on it.

9.      Following a search by ERO, ICE sent the response from ERO with sixteen (16) pages of responsive records to Plaintiff on December 23, 2022. However, these were in response to the "incorrect" DHS request that was referred to ICE from DHS prior to ICE receiving Plaintiff's actual request directed to ICE.

10.      On March 1, 2023, Plaintiff appealed ICE FOIA's response, alleging that ICE, "failed to conduct an adequate search for responsive documents, improperly withheld responsive documents, and failed to provide legally sufficient explanations for all information withheld under the FOIA exemptions."

11.      ICE remanded the appeal to the ICE FOIA Office on March 30, 2023, directing the latter to conduct a new search and process any responsive documents.

12.      On October 3, 2023, Plaintiff inquired as to the status of the search following remand and ICE FOIA responded that the search was still pending.

13.      On November 11, 2023, ERO responded to Plaintiff's appeal with fifty-five (55) pages of medical records.

14.      On February 27, 2024, in response to a second inquiry by Plaintiff, ICE FOIA indicated that the search for responsive records was complete and in line to be processed.

15.      On June 20, 2024, Plaintiff filed a request to expedite ICE FOIA's response while the responsive records were still in line to be processed.

16.      On August 2, 2024, having not received a final response from ICE, Plaintiff filed the instant Complaint in the United States District Court for the Western District of Texas.

18.      On November 26, 2024, ICE made its first post-complaint production, which resulted in potentially responsive records, consisting of 280 pages and 2 Excel spreadsheets being released either in full or with partial redactions pursuant to Exemptions (b)(5), (b)(6), (b)(7)(c), and (b)(7)(e).

3

19.     On December 23, 2024, ERO, OPR, and OPLA were tasked with conducting a search.

20.     On January 3, 2025, OPR responded that after conducting a search based on relevant search terms, they did not locate any responsive records.

21.     On January 16, 2025, OPLA responded that after conducting a search based on relevant search terms, they did not locate any responsive records.

22.     On January 22, 2025, ERO was tasked to provide, "ALL detention center complaints."

23.     On February 12, 2025, ERO responded with a no records response from ePOCR, Plaintiff's detainee request forms, and seventy-four (74) pages of medical records.

24.     On February 27, 2025, ICE made its second production with the results from the additional searches which included an additional 169 pages of potentially responsive documents that were released either in full or with partial redactions pursuant to Exemptions (b)(6), (b)(7)(c), and (b)(7)(e).

### III.     ICE'S STANDARD PROCEDURE FOR INITIATING SEARCHES IN RESPONSE TO FOIA REQUESTS

25.     When the ICE FOIA Office receives a FOIA request, the intake staff evaluates it to determine if it is a proper FOIA request per DHS FOIA regulation 6 C.F.R. § 5.3. Generally, a FOIA request is considered proper and in compliance with DHS regulations if it reasonably describes the records sought and the records are under the purview of ICE.

26.     Proper FOIA requests are entered into a database known as Secure Release and assigned a case tracking number. Based upon the requestor's description of the records being sought and ICE FOIA's knowledge of the various program offices' missions, the ICE FOIA Office identifies the program office(s) likely to possess responsive records and tasks the appropriate program office(s) to conduct the necessary searches.

27.     ICE records are maintained by leadership offices and/or within ICE directorates, including but not limited to, the Office of Public Affairs, the Office of Enforcement and Removal Operations ("ERO"), the Office of Professional Responsibility ("OPR"), the ICE FOIA Office, the Office of the Director, the Office of the Principal Legal Advisor ("OPLA"), and the Chief Financial Officer ("CFO"). The program offices are typically staffed with a designated point of contact ("POC") who is the primary person responsible for communications between that

program office and the ICE FOIA Office. Each POC is a person with detailed knowledge about the operations of his/her respective program office.

28.     Upon receipt of a proper FOIA request, the ICE FOIA Office will identify which program offices, based upon their experience and knowledge of ICE's program offices, within ICE are reasonably likely to possess records responsive to that request, if any, and task the relevant program offices with searches. Once the ICE FOIA Office determines the appropriate program offices for a given request, it provides the POCs within each of those program offices with a copy of the FOIA request and instructs them to conduct a search for responsive records. The POCs then review the FOIA request, along with any case-specific instructions that may have been provided and based on their experience and knowledge of their program office practices and activities, forward the request and instructions to the individual employee(s) or component office(s) within the program office that they believe are reasonably likely to have responsive records, if any. In conformity with the ICE FOIA Office's instructions, the individuals and component offices are directed to conduct searches of their file systems, including both paper files and electronic files, which in their judgment, based on their knowledge of the manner in which they routinely keep records, would most likely be the files to contain responsive documents. Once those searches are completed, the individuals and component offices provide any potentially responsive records to their program office's POC, who in turn, provides the records to the ICE FOIA Office. The ICE FOIA Office then reviews the collected records for responsiveness and the application of appropriate FOIA Exemptions.

29.     ICE employees maintain records in several ways. ICE program offices use various systems to maintain records, such as investigative files, records regarding the operation of ICE programs, and administrative records. ICE employees may store electronic records on their individual computer hard drives, their program office's shared drive (if the office uses one), DVDs, CDs, and/or USB storage devices. The determination of whether or not these electronic locations must be searched in response to a particular FOIA tasking, as well as how to conduct any necessary searches, is necessarily based on the manner in which the employee maintains his/her files.

30.     Additionally, all ICE employees have access to e-mail. ICE uses the Microsoft Outlook e-mail system. Each ICE employee stores his/her files in the way that works best for that particular employee. ICE employees use various methods to store their Microsoft Outlook e-

mail files - some archive their files monthly, without separating by subject; others archive their e-mail by topic or by program; still others may create PST files of their emails and store them on their hard drive or shared drive.

31.    Records received by the ICE FOIA Office from the program office POCs are assigned to a FOIA processor who determines whether or not the records are responsive to the FOIA request. If the records are responsive, the FOIA processor will redact information pursuant to the FOIA or Privacy Act, as appropriate, while simultaneously ensuring that all reasonably segregated non-exempt information is released.

32.    Frequently, the ICE FOIA Office must coordinate between multiple program offices to ensure the program office records are properly redacted and information is correctly segregated. Once the ICE FOIA Office completes its coordination efforts and all responsive records have been processed, the ICE FOIA Office releases the responsive records to the requestor.

## IV.    DESCRIPTION OF PROGRAM OFFICES TASKED WITH SEARCHING FOR RECORDS IN RESPONSE TO PLAINTIFF'S FOIA REQUEST

33.    ICE is the principal investigative arm of DHS and the second largest investigative agency in the federal government. Created in 2003 through a merger of the investigative and interior enforcement elements of the U.S. Customs Service and the Immigration and Naturalization Service, ICE now employs more than 20,000 people in offices in every state and in 48 foreign countries.

34.    After reviewing the instant FOIA request, the ICE FOIA Office determined that because of the subject matter of Plaintiff's FOIA Request, ERO was the program office likely to have responsive records, if such records existed. Therefore, based on their subject matter expertise and knowledge of the agency record systems, the ICE FOIA Office instructed these program offices to conduct a comprehensive search for records and to provide all potentially responsive records located during that search to the ICE FOIA Office for review and processing. Accordingly, and based on the information described below, all locations likely to contain records responsive to Plaintiffs' FOIA Requests, to the extent that they exist within ICE's custody, were searched.

35.    ERO is responsible for arrest and removal of aliens, managing ICE detention operations and providing medical and mental health care to persons in ICE custody.  HSI is the

principal investigative arm of DHS, responsible for investigating transnational crime and threats, specifically those criminal organizations that exploit the global infrastructure through which international trade, travel and finance move.

36.    ERO oversees programs and conducts operations to identify and apprehend removable aliens, to detain these individuals when necessary, and to remove illegal aliens from the United States.  ERO prioritizes the apprehension, arrest, and removal of convicted criminals, those who pose a threat to national security, fugitives, recent border entrants, and aliens who thwart immigration controls.  ERO manages all logistical aspects of the removal process, including domestic transportation, detention, alternatives to detention programs, bond management, and supervised release.

37.    When ERO receives a FOIA tasking from the ICE FOIA Office, the request is submitted to ERO's Information Disclosure Unit ("IDU").  A POC in IDU reviews the substance of the request and based on the subject matter expertise and knowledge of the program offices' activities within ERO, IDU determines whether it can search for records, or whether it is necessary to forward the FOIA request to specific individuals and component offices to conduct searches of their files systems which in their judgement, based on their knowledge of the manner in which they routinely keep records, would be reasonably likely to have responsive records, if any.

38.    Subsequent to the initiation of the lawsuit, ERO was tasked with performing a search. ERO and its sub-components conducted searches for responsive records based on the following search terms: "Portillo Moreno, Nylssa Krysthella", "AXX XXX 044", "Date of Birth", "A#", "Nylssa Krysthella Portillo Moreno", "Alien Number", "DOB: ███/1984", "Aliases", "XXXXXX044", and "COB: El Salvador." It appears that the seventy-one (71) pages produced by ERO prior to the lawsuit, specifically (sixteen) 16 pages of EARMS records and fifty-five (55) pages of medical records were produced prior to the lawsuit.

39.    Following the filing of Plaintiff's complaint, ERO was again tasked with conducting a search. This search resulted in approximately 280 pages and 2 Excel spreadsheets of potentially responsive records being released to Plaintiff either in full or with partial redactions pursuant to Exemptions (b)(5), (b)(6), (b)(7)(c), and (b)(7)(e).

40.    Following the initial production in November 2024, ERO, OPLA, and OPR were and tasked with conducting another search on December 23, 2024. This was due in part to

Plaintiff's correspondence outlining alleged deficiencies in the November production and a closer review by ICE. Specifically, these offices and/or programs were tasked with searching for all records pertaining to, "NYLSSA KRYSTHELLA PORTILLO MORENO, DOB: ██1984, COB: El Salvador, A# ████ 044", "all records (specifically, any and all grievances) pertaining to NYLSSA KRYSTHELLA PORTILLO MORENO, DOB: ██/1984, COB: El Salvador, A# XXX XXX 044," using the following search terms, "portillo moreno", "portillo-moreno", "portillo, n", "moreno, n", Plaintiff's A# number, "facilities: Laredo & South Texas", and for all records since January 1, 2019.

41.    OPLA is the largest legal program in DHS, with over 1,000 attorneys. Pursuant to statute, OPLA serves as the exclusive representative of DHS in removal proceedings before the Executive Office for Immigration Review (EOIR). OPLA also provides a full range of legal services to all ICE programs and offices. OPLA provides legal advice and prudential counsel to ICE personnel on their law enforcement authorities, legal liability under the Federal Tort Claims Act and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Freedom of Information Act and Privacy Act, ethics, and a range of administrative law issues.

42.    When OPLA is tasked with responding to a FOIA request, the request is handled by a senior Management and Program Analyst, who serves as the OPLA FOIA POC. The OPLA FOIA POC has the subject matter expertise and knowledge of the internal practices of the offices within the OPLA. The OPLA FOIA POC will review the FOIA request to determine what OPLA division the FOIA request should be tasked. If the request pertains to a particular subject or event, the OPLA FOIA POC will determine which division within OPLA should be searched. If the FOIA request includes a request for records of a detainee, the OPLA FOIA POC will conduct a search within OPLA's PLAnet database to determine what OPLA Field Office and/or division may have records responsive to this request.

43.    Following a search based on search terms including, "Nylssa Krysthella Portillo Moreno", "DOB: ██1984, COB: El Salvador", "A# ████ 044", OPLA's search did not result in any responsive records being found. It is important to note that Plaintiff's FOIA request pertains to Plaintiff's detention and medical decisions while detained. OPLA is not involved with decisions involving detention or medical care provided while a detainee is in detention.

44.    OPR is responsible for investigating allegations of ICE employee misconduct impartially, independently, and thoroughly. OPR prepares comprehensive reports of

investigation for judicial or management action.  OPR inspects and reviews ICE offices, operations, and processes in order to provide executive management with an independent review of the agency's organizational health and assess the effectiveness and efficiency of the overall ICE mission.  Additionally, OPR screens potential ICE employees for character and suitability.

45.    Based on its experience and knowledge of OPR's practices and activities, on December 23, 2024, the ICE FOIA Office tasked OPR to conduct a search for responsive records.  Upon receipt of the FOIA Request from the ICE FOIA Office, a FOIA POC with OPR, based on their knowledge of OPR and the nature of the request, tasked a program management and data analyst to search to conduct a search.  The analyst conducted a search of Joint Integrity Case Management System (JICMS) for records responsive to Plaintiff's FOIA request.  JICMS is part of the DHS Internal Affairs System of Records and is the primary case management and supervisory tool for OPR during the conduct of criminal investigations, management referrals, and/or administrative inquiries, and contains case data and information gathered in the course of inquiries or investigations.  The analyst searched JICMS using the following search terms: "portillo moreno", "portillo-moreno", "portillo,n", "moreno, n", "███████ 044", "facilities: Laredo & south Texas", and "date since: January 1, 2019."  This search did not return any responsive documents.

46.    The Office of Public Affairs (OPA) is the agency's public face, a team of communications professionals dedicated to telling the story of ICE and fostering an understanding of the agency's mission through outreach to employees, the media and the general public. After reviewing Plaintiff's FOIA request and the instant complaint, ICE FOIA determined that OPA would likely not have an any responsive records and therefore was not tasked with completing a search. It was determined that OPA would likely not have records because Plaintiff's individual immigration case did not have broad visibility.

47.    Combined, these searches located approximately 449 pages of responsive records. These records were provided to Plaintiff in an initial production on November 26, 2024, and a supplementary production on February 27, 2025.

## IV.    ORGANIZATION OF THE *VAUGHN* INDEX

48.    Pursuant to the requirements set forth in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), a *Vaughn* Index accompanies this declaration. The *Vaughn* Index provides a description of each redaction and the corresponding FOIA exemption being applied.

49.     The *Vaughn* index is in a table format. The first column contains the Bates number prefix for the records produced. The second column describes whether the document is either partially or fully redacted. The third column describes the underlying records and provides justifications for the asserted exemptions. The fourth column describes the redaction codes, which are citations to the sections of the FOIA Exemptions.

50.     The *Vaughn* index encompasses the responsive records produced by the program offices. ICE made two (2) productions, totaling 449 pages and two (2) Excel spreadsheets. The records contained in these productions were subject to withholdings pursuant to FOIA Exemptions (b)(5), (b)(6), (b)(7)(c), and (b)(7)(e).

51.     The 449 pages of records and two (2) spreadsheets were released to Plaintiff on November 26, 2024, and February 27, 2025. A completed description of these documents, and the bases for the withholdings of information in them, is detailed in ICE's Vaughn index. Generally, they include documents pertaining to internal emails regarding Plaintiff, various correspondence from Plaintiff, immigration documents related to Plaintiff, an Enforcement and Removal Operations (ERO) Criminal Alien Division Criminal Alien Program (CAP) Handbook, medical forms and documents, and two spreadsheets which include Plaintiff's personal identifiable information.

## V.     DESCRIPTION OF FOIA WITHHOLDINGS APPLIED TO RECORDS PROVIDED TO PLAINTIFF
### FOIA Exemption 5 U.S.C. § 552(b)(5)

52.     Exemption 5 of the FOIA allows the withholding of inter- or intra-agency records that are normally privileged in the civil discovery context Pursuant to Exemption (b)(5). The two most frequently invoked privileges are the deliberative process privilege and the attorney-client privilege. ICE applied FOIA Exemption (b)(5) to protect from disclosure information subject to the deliberative process privilege.

53.     ICE withheld pre-decisional, deliberative internal discussions, deliberations, and recommendations between ERO employees over a decision regarding Plaintiff's Stay of Removal request. The final response on Bates-stamped Page 14 will be unredacted and released to Plaintiff but the internal, pre-decisional and deliberative discussions prior to finalizing their decision have been withheld.

54.     The contents of these discussions and deliberations are pre-decisional in nature because they were prepared by employees ERO in order to assist in making a final decision on how to respond to Plaintiff's Stay of Removal request.

55.     The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, letters, or emails.  The document in question which is partially withheld, Bates-stamped page 10, contain agency employees deliberations and recommendations regarding Plaintiff's request for a Stay of Removal.

56.     The deliberations that are exhibited on the records are between ICE employees and these employees must be able to discuss proposed agency action freely.  Release of the draft material would serve to profoundly chill the decision-making process across ICE because it would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and also ensure personnel would be less inclined to produce and circulate materials for the consideration and comment of their peers. Additionally, since these documents contain proposals for agency action, release of these documents may create confusion regarding what positions have actually been adopted by the agency.  Should internal deliberations between ICE employees be released to the public, this could cause a great likelihood of harassment and annoyance by members of the public. This could hinder ICE employees from conducting their official duties and could disrupt their private lives; could place them in danger as targets of law enforcement investigations and could minimize the ability to effectively conduct future investigations.

### FOIA Exemption 5 U.S.C. § 552(b)(7) Threshold

57.     5 U.S.C. § 552(b)(7) establishes a threshold requirement that, to withhold information on the basis of any of its subparts, the records or information must be compiled for law enforcement purposes.

58.     The information for which the ICE FOIA Office asserted Exemption (b)(7) satisfies this threshold requirement. Pursuant to the Immigration and Nationality Act, codified under Title 8 of the U.S. Code, the Secretary of Homeland Security is charged with the administration and enforcement of laws relating to the immigration and naturalization of aliens,

11

subject to certain exceptions. See 8 U.S.C. § 1103. ICE is the largest investigative arm of DHS and is responsible for identifying and eliminating vulnerabilities within the nation's borders. ICE is tasked with preventing any activities that threaten national security and public safety by investigating the people, money, and materials that support illegal enterprises. Created in 2003 through a merger of the investigative and interior enforcement elements of the U.S. Customs Service and the Immigration and Naturalization Service, ICE now has more than 20,000 employees and offices in all 50 states and 48 foreign countries, and is responsible for enforcing the nation's immigration laws, and identifying and eliminating vulnerabilities within the nation's borders.

59.    The records and information at issue in this matter pertain to ICE's obligation to accurately portray the work it is doing to further its mission and to allow its employees to conduct work in furtherance of the ICE mission. The records and information at issue in this matter pertain to ICE's obligation to enforce the immigration laws of the United States by investigating non-U.S. individuals who may be present in the United States illegally, including records of interviews, arrests, bookings, detentions, removals, other related investigations, and investigations of allegations of misconduct.  In keeping records related to detainees, ICE is acting in the interest of its employees who are working to ensure that these policies are enacted, that they are fair and that they provide the greatest level of safety to the public and to ICE employees. The records and information located in response to Plaintiffs' FOIA requests were collected and compiled by ICE law enforcement officers advancing law enforcement missions. Therefore, the records and information located in response to the FOIA requests were compiled for law enforcement purposes and meet the threshold requirement of FOIA Exemption 7.

**FOIA Exemption 5 U.S.C. § 552(b)(6) & (7)(c)**

60.    FOIA Exemption 6 allows the withholding of information found in "personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6) ("Exemption 6"). Records that apply to or describe a particular individual, including investigative records, qualify as "personnel," "medical" or "similar files" under Exemption 6. When applying this exemption to responsive documentation, the agency must balance the individual's personal privacy interest against the public need for the information.

12

61.    FOIA Exemption 7(C) similarly protects from disclosure records or information "compiled for law enforcement purposes" if a release of the records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C) ("Exemption 7(C)").

62.    When asserting Exemptions 6 and 7(C), ICE balances an individual's personal privacy interest against the public's interest in the disclosure of the information.

63.    Here, ICE applied Exemption 6 in conjunction with Exemption 7(C) to protect from disclosure the names, contact information, including domain names and email addresses, office numbers, initials, immigration status, signatures, case history, and other personally identifiable information ("PII") of third-party individuals (detainees) and ICE employees.

64.    Such information, if disclosed to the public or to a third-party requester without the permission of the individual, could cause harm to the individual, expose the individual to identity theft and may reasonably lead to unwanted contact from persons that might seek to harm the individual.

65.    Additionally, ICE employees have received an increase in threats, intimidation and personal attacks in recent years due to the nature of their work. Publicly disclosing employees' PII could subject ICE employees to harassment or harm. Additionally, the release of the email addresses, which are not publicized, could expose employees to an increase of cyber threats.

66.    Furthermore, third party individuals have a recognized privacy interest in not being publicly associated with law enforcement investigations through the release of records compiled for law enforcement purposes. The identities of persons named in law enforcement files (whether or not the named individual is the target of investigations or law enforcement actions) are properly withheld under Exemptions 6 and 7(C) in recognition of the stigmatizing connotation carried by the mere mention of individuals in law enforcement files. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information. Plaintiffs have not articulated a sufficient public interest or public need to justify release of this information. The disclosure of this PII serves no public benefit and would not assist the public in understanding how ICE is carrying out its statutory responsibilities. Additionally, the third parties identified in the records have not consented to the disclosure of their PII.

67.     ICE determined that the disclosure of the information described above would constitute a clearly unwarranted invasion of personal privacy and thus Exemption 6 applied. In addition, ICE determined that disclosure of this information, which was compiled for law enforcement purposes, could reasonably be expected to constitute an unwarranted invasion of personal privacy, and thus Exemption 7(C) applied.

68.     Having determined that the individuals identified in the responsive records have a cognizable privacy interest in not having their information released, ICE FOIA then balanced the interest in safeguarding the individuals' privacy from unnecessary public scrutiny against the public's interest in understanding how ICE performs its statutory duties. Exemptions 6 and 7(C) were applied to prevent disclosure of third-party individuals' identities and PII as well as the identities of ICE personnel. In each instance where Exemptions 6 and 7(C) were applied, the redaction was limited to the name of the individual and all other personally identifiable information, which if released, would not shed any further light as to the operations or activities of ICE. In some redactions, the information surrounding the redactions was released and the limited extent of the redaction is readily apparent from the context of the records.

69.     Based upon the traditional recognition of strong privacy interests in law enforcement records, the categorical withholding of third-party information identified in law enforcement records is appropriate. Moreover, the third parties identified in these records have not provided consent to the release of their personally identifiable information.

**FOIA Exemptions 5 U.S.C. § 552(b)(7)(E)**

70.     FOIA Exemption 7(E) affords protection to law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

71.     Here ICE has applied Exemption 7(E) to law enforcement sensitive information, specifically internal codes, file numbers, case numbers. This includes redactions on Bates-stamped pages 1, 30, 31-33, 38-40, 50, 55, 56, 60, 61, 99-100, 119-120, and 175-176 and similar pages containing the same information through the rest of the production, including possible duplicates. Exemption (b)(7)(E) was also applied to internal ICE documents such as classification worksheets and scoring tools on Bates-stamped pages 38-40, which again reappear

14

in similar documents through the second production.

72.    This type of information was compiled for law enforcement purposes as it is in furtherance of ICE's obligation to enforce the immigration laws of the United States by conducting removal operations and ensuring that these removal operations are not hindered by actions of bad actors who may obtain access to confidential law enforcement sensitive information and intelligence.

73.    Disclosure of this law enforcement sensitive information could assist third parties in circumventing the law. The law enforcement sensitive information withheld in this document is detailed information pertaining to internal ICE codes, systems, databases, and classification and scoring documents. As such, disclosure of this information could cause harm to future ICE operations if disclosed. Disclosure of the methods that ICE uses to conduct removal operations could cause interference with removal operations and bad actors could use this information to evade removal.

74.    Disclosure of the law enforcement sensitive information withheld in the email communications, specifically, detailed information pertaining to databases and codes, would reveal methods that ICE uses to conduct removal operations, could enable an individual to cause disruptions to ICE's efforts to enforce immigration laws.

75.    The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory duties.

## VI.    FOIA IMPROVEMENT ACT

76.    The FOIA Improvement Act of 2016 codified the Department of Justice's foreseeable harm standard, which ICE has been following for years.  ICE FOIA only withholds information when the agency reasonably foresees that disclosure would harm an interest protected by an exemption or disclosure is prohibited by law.

77.    In this case, with respect to Exemption (b)(5), the agency reasonably foresees that disclosure would harm the deliberate process privilege, which protects the adversarial trial process by insulating the attorney's preparation from scrutiny. The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency employees to effectively communicate with each other regarding how to further the agency's

mission and objectives. Further, disclosure of these records also would inhibit the candid discussion of issues between employees, which would hinder the ability of ICE employees and agency leaders to be fully informed about legal issues arising before the immigration courts, as well as inhibit their ability to assess any future litigation risks.

78.     In this case, with respect to Exemption (b)(7)(E), the agency reasonably foresees that disclosure would: 1) cause harm by disclosing law enforcement sensitive database screenshots, codes, instructions, and internal group email inboxes that would allow bad actors to access or manipulate ICE systems; 2) cause harm by disclosing law enforcement sensitive techniques and procedures regarding the use classification worksheet and scoring assessment tools when determining the appropriate level of detention for detainees.

## VII. SEGREGABILITY

79.     5 U.S.C. § 552(b) requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt."

80.     A line-by-line review was conducted to identify information exempt from disclosure or for which a discretionary waiver of exemption could be applied.

81.     With respect to the records that were released, all information not exempted from disclosure pursuant to the FOIA exemptions specified above was correctly segregated and non-exempt portions were released. ICE did not withhold any non-exempt information on the grounds that it was non-segregable.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

Signed this 31st day of March 2025.

FERNANDO PINEIRO JR
Digitally signed by FERNANDO PINEIRO JR
Date: 2025.03.31 16:19:08 -04'00'

Fernando Pineiro, FOIA Director
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009

# EXHIBIT A

**RAICES v. ICE**
No. 1:24-CV-00876-RP (W.D. Tex., filed 3.31.25)

U.S. Immigration and Customs Enforcement (ICE) *Vaughn* Index

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 001 | Partial | **Document Title**: DEPARTMENT OF HOMELAND SECURITY IMMIGRATION DETAINER – NOTICE OF ACTION<br><br>**Document Description**: This document is an official Department of Homeland Security immigration detainer form.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of an ICE Deportation Officer (DO). Partial redactions pursuant to FOIA Exemption (b)(7)(e) were made to internal codes and file numbers.<br><br>**Reason(s) for Redactions:**  FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information.  Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law.  The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.<br><br>FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name, email and phone number of the ICE DO would reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e), (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 004-005 | Partial | **Document Title**: ORDER OF SUPERVISION<br><br>**Document Description**: This is an official Department of Homeland Security and Immigration and Customs Enforcement supervision form.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of an ICE employee, his signature, the signature of an ICE employee who served the Order of Supervision on Plaintiff, and an event number.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name, email and phone number of ICE employees would reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 007 | Partial | **Document Title**: ORDER OF SUPERVISION (Outprocessing Checklist)<br><br>**Document Description**: This document is an official Department of Homeland Security and Immigration and Customs Enforcement form used as a checklist when out-processing aliens.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of ICE employees. **Upon further consideration, ICE no longer claims FOIA Exemption (b)(7)(e) on this page and will reprocess this document.**<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name, email and phone number of the ICE employees would reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 008 | Partial | **Document Title**: WARNING FOR FAILURE TO COMPLY WITH TERMS OF SUPERVISED RELEASE<br><br>**Document Description**: This document is an official DHS and ICE form used to provide aliens with sufficient warning of the penalties if they do not comply with the terms of supervised release.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name and signature of an ICE Deportation Officer (DO).<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name, email and phone number of the ICE DO would reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, | Partial | **Document Title:** APPLICATION FOR A STAY OF DEPORTATION OR REMOVAL<br><br>**Document Description:** | |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 009 | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name and signature of an ICE Deputy Field Office Director (DFOD) and ICE employee and a third-party's name, signature, and address.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name, email and phone number of the ICE attorney would reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Third party information, including the name, signature, telephone number and address of a third-party was redacted because third party identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 010 | Partial | **Document Title**: Document Routing Form<br><br>**Document Description:** This form is an official ICE form used by ICE to document decisions involving requests by aliens.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of Supervisory Detention and Deportation Officers (SDDOs), a Deputy Field Office Director (DFOD), and a Deportation Officer and phone number (DO). Partial | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative privileged information.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names, signature and phone number of ICE employees would reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemption 5 protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege.  The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making.  The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions.  In the document routing form, two SDDOs and a DFOD provide their recommendation to a DO regarding Plaintiff's request for a stay of a denial for her MTR. Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue.  Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and also ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 2024-ICLI-00038, | Partial | **Document Title**: SAN ANTONIO FIELD OFFICE CASE REVIEW WORKSHEET (CRW) | Freedom of Information |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 012-014 | | **Document Description**: This document is an internal OPLA field office worksheet which contains Plaintiff's biographical information, immigration history, criminal history, medical history, family information, and an ICE employee's recommendation regarding Plaintiff's removal from the United States.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name and phone number of an ICE employee and the name of a third-party. Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative privileged information on Bates-stamped page 13-14. **Upon further consideration, ICE no longer claims Exemption (b)(5) on Bates-stamped page 12 and 14 and will reprocess the document.**<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and phone number of an ICE employee would reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Third party information, including their names of a third-party and A# number redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government.<br><br>FOIA Exemption 5 protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the | Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | deliberative process privilege.  The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making.  The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. On Bates-stamped page 13, an ICE employee provides his recommendation of Plaintiff's removability based on an analysis of the information in this document. On Bates-stamped page 14, an ICE employee and DFOD provide their recommendations as to Plaintiff's removability based on the information in the document. Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue.  Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and also ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 2024-ICLI-00038, 15 | Partial | **Document Title**: RE: Request for a Stay of Deportation or Removal, (A072 407 044)<br><br>**Document Description:** This document is official correspondence from ICE to a third-party individual informing the third-party that Plaintiff's application for stay of removal was denied.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of an ICE Deputy Field Office Director (DFOD), government office suite number and the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of  the DFOD would reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Third party information, including their name and address were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 16-17 | Partial | **Document Title**: APPLICATION FOR A STAY OF DEPORTATION OR REMOVAL<br><br>**Document Description:** This document is an official form provided by the Department of Homeland Security and Immigrations and Customs Enforcement for individuals to use when applying for a stay of deportation or removal from the United States.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of a Deputy Field Office Director (DFOD), ICE employee, signature, telephone number, and office address. **Upon further consideration, ICE no longer claims FOIA Exemption (b)(7)(e) on Bates-stamped page 16 and will reprocess that page.**<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names, signature, telephone number and office address of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 18 | Partial | **Document Title:** South Texas ICE Processing Center Detainee File Checklist<br><br>**Document Description:** This document is a form used by the South Texas ICE Processing Center to ensure thoroughness and accuracy in detainee files.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of either ICE employees or third-parties.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names, signature, telephone number and office address of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Third party information, including names and signatures, were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 19-20 | Partial | **Document Title:** SOUTH TEXAS DETENTION COMPLEX SUBJECT PROFILE<br><br>**Document Description:** This document is a form used by the detention center which contains the Plaintiff's biographical information, status history, and personal property and fingerprints. The document also contains signatures and names of ICE employees and/or contractors. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of either ICE employees and/or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names and signatures of ICE employees and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 21 | Partial | **Document Title:** GEO SOUTH TEXAS DETENTION COMPLEX Resident Transaction Receipt<br><br>**Document Description:** This document appears to be a receipt for a financial transaction involving Plaintiff.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of either ICE employees and/or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names ICE employees and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 22 | Partial | **Document Title:** Cash Kiosk Voucher for PORTILLO MORENO, NYLSSA<br><br>**Document Description:** This document appears to be a voucher for cash belonging to the Plaintiff.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of either ICE employees and/or contractors. **Upon further consideration, ICE no longer claims Exemption (b)(7)(e) on this page and will reprocess this document.**<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names ICE employees and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), |
| 2024-ICLI-00038, 23 | Partial | **Document Title:** GEO SOUTH TEXAS DETENTION COMPLEX Resident Account Summary<br><br>**Document Description:** This document is an account summary detailing Plaintiff's financial transactions while detained at the GEO South Texas Detention Complex.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of either ICE employees and/or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names ICE employees and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 24 | Partial | **Document Title:** ORDER TO Release ALIEN

**Document Description:** This document is an order to release aliens, including the Plaintiff, and other third-party individuals.

**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of an ICE Deportation Officer (DO) and third-parties. **Upon further consideration, ICE no longer claims Exemption (b)(7)(e) and will reprocess this document.**

**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and badge number of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

Third party information, including names, birth dates, A# numbers, criminal history, and FINS numbers, were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 25-26 | Partial | **Document Title:** SOUTH TEXAS DETENTION COMPLEX SUBJECT PROFILE<br><br>**Document Description:** This document is a form used by the detention center which contains the Plaintiff's biographical information, status history, and personal property and fingerprints. The document also contains signatures and names of ICE employees and/or contractors.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of either ICE employees and/or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names and signatures of ICE employees and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 27 | Partial | **Document Title:** South Texas ICE Processing Center Detainee Orientation Acknowledgement<br><br>**Document Description:** This document is an acknowledgement form used by the South Texas ICE Processing Center that is used for detainees to review and sign to acknowledge they've received a copy of the detainee handbook and a copy of the ICE's Office of Detention and Removal Operations National Detainee Handbook. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of either ICE employees and/or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the printed name of an ICE employee and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 28 | Partial | **Document Title:** GEO Group Inc. South Texas ICE Processing Center<br><br>**Document Description:** This document is a receipt for items Plaintiff purchased while detained.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of either an ICE employee or contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the printed name and signature of an ICE employee and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

RAICES v. ICE - *Vaughn* Index (March 2025)                                15

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 29 | Partial | **Document Title:** South Texas ICE Processing Center Property Receipt<br><br>**Document Description:** This document is a form used to document property items that were issued to the Plaintiff.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the printed name of either an ICE employee or contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the printed name and signature of an ICE employee and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 30 | Partial | **Document Title:** DETAINEE CRIMINAL HISTORY FOR CLASSIFICATION PURPOSES<br><br>**Document Description:** This document is an official ICE form used to detail a detainee's criminal history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature and name of a Deportation Officer. A partial redaction under (b)(7)(e) were made to redact sensitive law enforcement information.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the printed name and signature of an ICE employee and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information.   Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law.  The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 31-33 | Partial | **Document Title:** Record of Deportable/Inadmissible Alien<br><br>**Document Description:** This document is an official DHS form used to document biographical data.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature and name of a Deportation Officer and other ICE employees or contractors and the third-party PII. **Upon further consideration, ICE no longer claims Exemptions (b)(6) and (b)(7)(c) for Plaintiff's FBI number and State Criminal Numbers and instead withholds under Exemption (b)(7)(e) and will reprocess this document.**<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the printed names and signatures of ICE employees or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

Third party information, including names and addresses, were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government.

FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information. Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law. The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, | Partial | **Document Title:** South Texas Detention Complex Custody Classification Worksheet | Freedom of Information |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 34-36 | | **Document Description:** This document is used to classify detainees at the South Texas Detention Complex facility based on special vulnerabilities, management concerns and past criminal history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature of an ICE employee or contractor. Partial redactions under (b)(7)(e) were made to redact sensitive law enforcement information.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the printed name and signature of ICE employees or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Here, the redacted information includes a worksheet that is used by law enforcement to determine a detainee's level of classification for custody purposes based on various relevant factors. The ICE employee used this classification worksheet and criteria to assign Plaintiff an appropriate custody level. Disclosure of this information could assist third parties in circumventing the law and avoiding detection by revealing techniques used by ICE agents to assess potential threat level posed by detainees such as the most relevant factors to be taken into consideration when conducting analysis. Disclosure of these factors could enable bad actors to anticipate law enforcement actions and modify their behavior accordingly to avoid apprehension. Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law. The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | | |
| 2024-ICLI-00038, 37 | Partial | **Document Title:** PREA Vulnerability Reassessment Questionnaire<br><br>**Document Description:** This document is used to determine a detainee's vulnerability while detained.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature of an ICE employee or contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the printed name and signature of ICE employees or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), |
| 2024-ICLI-00038, 38-40 | Partial | **Document Title:** South Texas Detention Complex Custody Classification Worksheet<br><br>**Document Description:** This document is used to classify detainees at the South Texas Detention Complex facility based on special vulnerabilities, management concerns and past criminal history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature of an ICE employee or contractor. Partial redactions under (b)(7)(e) were made to redact sensitive law enforcement information.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the printed name and signature of ICE employees or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information.   Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law.  The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 41 | Partial | **Document Title:** South Texas ICE Processing Center PREA Risk Assessment

**Document Description:** This document is an assessment tool used by ICE to determine a detainee's risk of victimization while detained.

**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature of an ICE employee or contractor. Partial redactions under (b)(7)(e) were made to redact sensitive law enforcement information. **Upon further consideration, ICE no longer claims Exemption (b)(7)(e) and will reprocess this document.**

**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the printed name and signature of ICE employees or contractors constitutes an unwarranted invasion of personal privacy by: | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Here, the redacted information a scoring tool to determine a detainee's level of risk of being victimized while detained. The tool includes information that falls broadly under a category of victimization risk and risk of abusiveness, including sexual assault, criminal history, history of prior victimization, and risk of being abused. The ICE employee used this assessment and scoring criteria to assign Plaintiff a level of risk based on the above categories. Disclosure of this information could assist third parties in circumventing the law and avoiding detection by providing them a blueprint of the likely investigative steps the law enforcement officers will undertake based on the information available, which could enable bad actors to anticipate law enforcement actions and modify their behavior accordingly to avoid apprehension. Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law. The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 42 | Partial | **Document Title:** ORDER TO DETAIN OR RELEASE ALIENS<br><br>**Document Description:** This document is a form used to document order to either detain or release detainees.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature and name of an ICE employee or contractor and third-party PII. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and badge number of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Third party information, including name, birth dates, A# and nationality were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 43 | Partial | **Document Title:** Intake Process Log<br><br>**Document Description:** This is an intake form used at the South Texas Detention Complex to document the intake process.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature and name of an ICE employee or contractor and third-party PII.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Third party information, including name, birth dates, A# and nationality were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 46 | Partial | **Document Title:** Detainees received surgical masks and were trained on how to properly wear PPE on 4/10/2020.<br><br>**Document Description:** This document is an acknowledgement signed by an ICE employee or contractor indicating that detainees received surgical masks and training on how to use them during the COVID pandemic in 2020.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature and name of an ICE employee or contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 47-48 | Partial | **Document Title:** South Texas ICE Processing Center Grievance Return Notification<br><br>**Document Description:** This document is a form completed by staff in response to a grievance filed by a detainee.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature and name of an ICE employee or contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 49 | Full | **Document Title:** GEOtrack Subject Management General Information<br><br>**Document Description:** This document is an alien booking record for a third-party which includes her subject ID, full name, date of birth, and other personal information.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, ID, date of birth, and other personal information of a third-party.<br><br>**Reason(s) for Redactions:** Third party information, including name, birth date, subject ID and other personal information were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 50 | Partial | **Document Title:** FD Dorm Grievances<br><br>**Document Description:** This document is an email exchange from an ICE contractor to other ICE contractors regarding a grievance filed by Plaintiff regarding another detainee.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names, emails, and phone number signature of contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Third party information, including the name and A# number of a third party were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information.   Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law.  The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 51-54 | Partial | **Document Title:** South Texas ICE Processing Center Grievance Return Notification

**Document Description:** This document is a form completed by staff in response to a grievance filed by a detainee.

**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of ICE employees or contractors.

**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names and signatures of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 55 | Partial | **Document Title:** GEOtrack Subject Management - Grievances<br><br>**Document Description:** This document is a record detailing a grievance filed by Plaintiff regarding a request for contact solution refill.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of ICE employees or contractors. Partial redactions under (b)(7)(e) were made to redact sensitive law enforcement information.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information. Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law. The disclosure of this law enforcement sensitive | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 56 | Partial | **Document Title:** Request #077507333<br><br>**Document Description:** This document is a request by Plaintiff for time in the detention facility's library.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 58 | Partial | **Document Title:** South Texas ICE Processing Center Grievance Return Notification<br><br>**Document Description:** This document is a form completed by staff in response to a grievance filed by a detainee.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature and name of an ICE employee or contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 59 | Partial | **Document Title:** Grievance #084214003<br><br>**Document Description:** This document is detailing a grievance filed by Plaintiff about another detainee.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature and name of an ICE employee or contractor and a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Third party information, including the name of a third party, were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 60 | Partial | **Document Title:** GEOtrack Subject Management General Information<br><br>**Document Description:** This document is an alien booking record for a third-party which includes her subject ID, full name, date of birth, and other personal information.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, ID, date of birth, and other personal information of a third-party. Further, partial redactions were made to redact an internal database code contained within a URL.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including name, birth date, subject ID and other personal information were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government.<br><br>FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information.   Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law.  The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | | |
| 2024-ICLI-00038, 61 | Partial | **Document Title:** PD allegation

**Document Description:** This document is an email between a group of ICE contractors regarding a grievance request filed by Plaintiff.

**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and email addresses of ICE employees or contractors. Further, a partial redaction was made pursuant to Exemption (b)(7)(e) to redact an internal database code contained within a URL.

**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names, emails, and phone number of ICE contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

Third party information, including name and A# number of a third party were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government.

FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | expected to risk circumvention of the law.  Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information.   Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law.  The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 62 | Partial | **Document Title:** Request #088258363<br><br>**Document Description:** This document is a request by Plaintiff for time in the detention facility's library.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 63 | Partial | **Document Title:** Request #088108863<br><br>**Document Description:** This document is a request by Plaintiff for time in the detention facility's library.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 64 | Partial | **Document Title:** Request #085677863<br><br>**Document Description:** This document is a request by Plaintiff for copies.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 65 | Partial | **Document Title:** Request #085677163<br><br>**Document Description:** This document is a request by Plaintiff for copies.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 66 | Partial | **Document Title:** Request #085677103<br><br>**Document Description:** This document is a request by Plaintiff for library time.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 67 | Partial | **Document Title:** Request #085733793<br><br>**Document Description:** This document is a request by Plaintiff for library time.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 68 | Partial | **Document Title:** Request #082566783<br><br>**Document Description:** This document is a request by Plaintiff for library time. | Freedom of Information Act 5 U.S.C. § 552 |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 69 | Partial | **Document Title:** Request #086854713<br><br>**Document Description:** This document is a request by Plaintiff for library time.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | | |
| 2024-ICLI-00038, 70 | Partial | **Document Title:** Request #086674923<br><br>**Document Description:** This document is a request by Plaintiff for library time.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 71 | Partial | **Document Title:** Request #088694073<br><br>**Document Description:** This document is a request by Plaintiff for library time.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 72 | Partial | **Document Title:** Request #088796023<br><br>**Document Description:** This document is a request by Plaintiff for copies of her USB documents.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 73 | Partial | **Document Title**: Document Routing Form<br><br>**Document Description:** This form is an official ICE form used by ICE to document decisions involving requests by aliens, in this instance Plaintiff's request for a stay of denial.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of SDDOs, DFOD, a DO's name and phone number. **<u>Upon further consideration, ICE no longer claims Exemption (b)(5) on this document and will reprocess.</u>** | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names, signature and phone number of ICE employees would reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 74 | Partial | **Document Title:** APPLICATION FOR A STAY OF DEPORTATION OR REMOVAL<br><br>**Document Description:** This document is Plaintiff's application requesting a stay of deportation or removal.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names, signatures, and telephone number of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names, signature and phone number of ICE employees would reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 75 | Partial | **Document Title:** RE: Application for Stay of Removal Portillo Moreno, Nylssa Krysthella (A072 407 044)<br><br>**Document Description:** This document is correspondence from an acting DFOD to Plaintiff's counsel indicating that Plaintiff's application for stay of removal is denied.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names, signatures, and telephone number of ICE employees or contractors and third-parties.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of the DFOD would reasonably be expected to constitute an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 76 | Partial | **Document Title:** Request #087351293<br><br>**Document Description:** This document is a request by Plaintiff that her custody status be reconsidered. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 77 | Partial | **Document Title:** Request #087351683<br><br>**Document Description:** This document is a request by Plaintiff requesting assistance because of an upcoming medical appointment.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 78 | Partial | **Document Title:** Request #086854953<br><br>**Document Description:** This document is a request by Plaintiff requesting assistance locating information about the parole process.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 79 | Partial | **Document Title:** Request #086475433<br><br>**Document Description:** This document is a request by Plaintiff requesting assistance in confirming that a letter and package she sent to her DO was received by the DO.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 80 | Partial | **Document Title:** Request #086475803<br><br>**Document Description:** This document is a request by Plaintiff requesting assistance in speaking to an officer that she spoke with previously in her dormitory.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 81 | Partial | **Document Title:** Request #086415043<br><br>**Document Description:** This document is a request by Plaintiff requesting reconsideration of her case due to her fears of COVID-19.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 82 | Partial | **Document Title:** Request #085803893<br><br>**Document Description:** This document is a request by Plaintiff requesting a reconsideration of her custody status and reconsideration for release from detention.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 83 | Partial | **Document Title:** Request #085803383<br><br>**Document Description:** This document is a request by Plaintiff requesting confirmation that documents Plaintiff sent were received.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 84 | Partial | **Document Title:** Request #084753583<br><br>**Document Description:** This document is a request by Plaintiff requesting a bond so that Plaintiff can assist her mother.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 85 | Partial | **Document Title:** Request #084213453<br><br>**Document Description:** This document is a request by Plaintiff requesting assistance in preventing an issue in her dormitory.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 86 | Partial | **Document Title:** Request #076859643<br><br>**Document Description:** This document is a request by Plaintiff requesting that she be allowed to speak with her DO to confirm if the DO received Plaintiff's petition to reopen her case.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 87 | Partial | **Document Title:** Request #075221013<br><br>**Document Description:** This document is a request by Plaintiff requesting that she speak with her DO about a credible fear application.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 88 | Partial | **Document Title:** Request #075020693<br><br>**Document Description:** This document is a request by Plaintiff for copies of her I-589 and interviews from 1991 through 1996. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | (b)(7)(c) |
| 2024-ICLI-00038, 89 | Partial | **Document Title:** Request #075020423<br><br>**Document Description:** This document is a request by Plaintiff for a copy of her 1993 deportation order.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 90 | Partial | **Document Title:** Request #074986803<br><br>**Document Description:** In this document, Plaintiff is requesting to speak with her DO about her asylum case.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 91 | Partial | **Document Title:** Request #073721563<br><br>**Document Description:** This document is a request from Plaintiff for a copy of Plaintiff's mother's A-File dating back to 1992.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 92 | Partial | **Document Title:** Request #073720713<br><br>**Document Description:** This document is a request from Plaintiff for a copy of Plaintiff's fathers A-File from 1984 to the then-current date.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 93 | Partial | **Document Title:** Request #073719483<br><br>**Document Description:** This document is a request by Plaintiff for a copy of all of her A-File records.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 94 | Partial | **Document Title:** RE: Application for Stay of Removal Portillo Moreno, Nylssa Krysthella (A072 407 044)<br><br>**Document Description:** This document is a letter from ICE to Plaintiff's counsel regarding the denial of Plaintiff's Application for a Stay of Deportation or Removal.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of an Acting Deputy Field Office Director (DFOD).<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 95-96 | Partial | **Document Title:** INTENT TO WITHDRAW<br><br>**Document Description:** This document is a letter dated August 10, 2020, to Plaintiff indicating USCIS's intent to withdraw Plaintiff's Temporary Protected Status (TPS). | Freedom of Information Act 5 U.S.C. § 552 (b)(6), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a DO and USCIS director.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee and a federal employee from a separate agency constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | (b)(7)(c) |
| 2024-ICLI-00038, 97-98 | Partial | **Document Title:** INTENT TO WITHDRAW<br><br>**Document Description:** This document is a letter dated August 4, 2020, addressed to a third-party regarding USCIS's intent to withdraw Plaintiff's TPS status.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a USCIS director and the name and address of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of a federal employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | Third party information, including the name and address of a third-party was redacted because third party identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 99-100 | Partial | **Document Title:** LAW ENFORCEMENT SENSITIVE<br><br>**Document Description:** This document is a government form used to document the results of an IAQ query.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party. Partial redactions pursuant to FOIA Exemption (b)(7)(e) were made to internal codes, alerts, and file numbers. **Upon further consideration, ICE no longer claims Exemption (b)(7)(e) to the redactions in the middle and bottom of Page 99 and will reprocess.**<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government.<br><br>FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information.  Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law.  The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 101-102 | Partial | **Document Title:** Warning for Failure to Depart

**Document Description:** This document is a government form used to warn aliens of penalties associated with failing to depart.

**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name and signature of a DO.

**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 103-104 | Partial | **Document Title:** **Canceled due to low #s** 135 EL SAL Depart SAT @ TBD arrive LRD @ TBD Mission #20-TBD

**Document Description:** This document is an email communication regarding the cancellation of a removal flight.

**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the emails of ICE employees and the last name of a third-party. **Upon further | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | consideration, ICE no longer claims Exemption (b)(7)(e) on these pages and will reprocess this document.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 105 | Partial | **Document Title:** STIPC – El Salvador Removal Mission 08.4.2020<br><br>**Document Description:** This document is an email from a DO to other ICE employees which includes an attachment for a removal flight.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names, emails, and phone numbers of ICE employees. **Upon further consideration, ICE no longer claims Exemption (b)(7)(e) on this document and will reprocess.**<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name, emails, and phone numbers of ICE employees constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 106 | Partial | **Document Title:** I-216s for manifesting the TD/ENV El Salvador Removal Flight scheduled for Tuesday, 8/4/2020

**Document Description:** This document is an email from a DO to other ICE employees with information relevant to an upcoming removal flight to El Salvador.

**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names, emails, and phone numbers of ICE employees.

**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name, emails, and phone numbers of ICE employees constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 107 | Partial | **Document Title:** TUESDAYs 8/04 EL SALVADOR charter cancelled.

**Document Description:** This document is an email from a DO to other ICE employees notifying them that a removal flight was cancelled due to low numbers. | Freedom of Information Act 5 U.S.C. § 552 |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names, emails, phone numbers and office suite address of ICE employees.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name, emails, and phone numbers of ICE employees constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 108 | Partial | **Document Title:** Enforcement and Removal Operations Criminal Alien Program Handbook<br><br>**Document Description:** This page is the first page in a longer document, Bates-stamped pages 108 through 174, which is the Enforcement and Removal Operations, Criminal Alien Division, Criminal Alien Program Handbook.<br><br>**Redacted Information:** Partial redaction pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature of an ICE Assistant Director (AD).<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of ICE employees constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 119-120 | Partial | **Document Title:** Enforcement and Removal Operations Criminal Alien Program Handbook<br><br>**Document Description:** These two pages are a part of a longer document, Bates-stamped pages 108 through 174, which is the Enforcement and Removal Operations, Criminal Alien Division, Criminal Alien Program (CAP) Handbook. The Handbook details an overview of the CAP program, including guidelines, procedures, and SOPs for the program and includes law enforcement sensitive information.<br><br>**Redacted Information:** Partial redactions on these pages were made pursuant to FOIA Exemption (b)(7)(e) to redact include sensitive law enforcement information regarding four law enforcement databases, their purpose, functions, data contained within, and records that can be found within the databases.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information.  Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information.   Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law.  The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |
| 2024-ICLI-00038, 153 | Partial | **Document Title:** Enforcement and Removal Operations Criminal Alien Program Handbook<br><br>**Document Description:** This page is a part of a longer document, Bates-stamped pages 108 through 174, which is the Enforcement and Removal Operations, Criminal Alien Division, Criminal Alien | Freedom of Information Act 5 U.S.C. § 552 |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | Program (CAP) Handbook. The Handbook details an overview of the CAP program, including guidelines, procedures, and SOPs for the program and includes law enforcement sensitive information.<br><br>**Redacted Information:** A partial redaction was made on this page pursuant to FOIA Exemption (b)(7)(e) to redact law enforcement sensitive information, including procedures ERO enforcement officers should follow in identifying fugitive aliens, steps to take in investigating fugitive aliens, other law enforcement databases, and what officers should do following an alien fugitive encounter.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Here, the redacted information includes ERO enforcement procedures that all ERO agents must follow when identifying alien fugitives. Further, the redacted information includes steps immigrations officers should take when utilizing law enforcement databases, information about how the databases operate, and follow-up steps immigration officers should take after encountering fugitive aliens. Disclosure of this information could assist third parties in circumventing the law and avoiding detection by providing them a blueprint of the likely investigative steps the law enforcement officers will undertake based on the information available, which could enable bad actors to anticipate law enforcement actions and modify their behavior accordingly to avoid apprehension. Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law. The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | (b)(7)(e) |
| 2024-ICLI-00038, 159-160 | Partial | **Document Title:** Enforcement and Removal Operations Criminal Alien Program Handbook<br><br>**Document Description:** These two pages are a part of a longer document, Bates-stamped pages 108 through 174, which is the Enforcement and Removal Operations, Criminal Alien Division, Criminal Alien Program (CAP) Handbook. The Handbook details an overview of the CAP program, including guidelines, procedures, and SOPs for the program and includes law enforcement sensitive information. | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(7)(e) were made to a law enforcement sensitive information, specifically documents used as part of the TECS database, procedures and deadlines that must be followed when using TECS.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Here, the redacted information includes instructions on how the TECS system is to be used by ICE employees, including internal deadlines, documentation requirements, and instructions on other requirements that must be completed in conjunction with documentation in TECS. Disclosure of this information could assist third parties in circumventing the law and avoiding detection by providing them a blueprint of the likely investigative steps the law enforcement officers will undertake based on the information available, which could enable bad actors to anticipate law enforcement actions and modify their behavior accordingly to avoid apprehension. Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law. The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 162 | Partial | **Document Title:** Enforcement and Removal Operations Criminal Alien Program Handbook<br><br>**Document Description:** This page is a part of a longer document, Bates-stamped pages 108 through 174, which is the Enforcement and Removal Operations, Criminal Alien Division, Criminal Alien Program (CAP) Handbook. The Handbook details an overview of the CAP program, including guidelines, procedures, and SOPs for the program and includes law enforcement sensitive information.<br><br>**Redacted Information:** <u>Upon further consideration, ICE no longer claims Exemption (b)(7)(e) to this document and will reprocess.</u><br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |
| 2024-ICLI-00038, 164-165 | Partial | **Document Title:** Enforcement and Removal Operations Criminal Alien Program Handbook<br><br>**Document Description:** These two pages are part of a longer document, Bates-stamped pages 108 through 174, which is the Enforcement and Removal Operations, Criminal Alien Division, Criminal | Freedom of Information Act 5 U.S.C. § 552 |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | Alien Program (CAP) Handbook. The Handbook details an overview of the CAP program, including guidelines, procedures, and SOPs for the program and includes law enforcement sensitive information.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(7)(e) were made to a law enforcement sensitive information, specifically instructions and procedures for how to utilize ICE databases or programs, internal codes, descriptions, and notes.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Here, the redacted information includes instructions for ERO personnel to follow when utilizing programs as part of keeping track of cases processed by ERO personnel. This includes internal codes, descriptions, and arrest information that is entered into the program. Disclosure of this information could assist third parties in circumventing the law and avoiding detection by providing them a blueprint of the likely investigative steps the law enforcement officers will undertake based on the information available, which could enable bad actors to anticipate law enforcement actions and modify their behavior accordingly to avoid apprehension. Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law. The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | (b)(7)(e) |
| 2024-ICLI-00038, 166-167 | Partial | **Document Title:** Enforcement and Removal Operations Criminal Alien Program Handbook<br><br>**Document Description:** These two pages are a part of a longer document, Bates-stamped pages 108 through 174, which is the Enforcement and Removal Operations, Criminal Alien Division, Criminal Alien Program (CAP) Handbook. The Handbook details an overview of the CAP program, including guidelines, procedures, and SOPs for the program and includes law enforcement sensitive information.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(7)(e) were made to a law enforcement sensitive information, specifically how record checks must be documented within internal ICE databases, compliance and audit requirements and procedures. | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:** FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Here, the redacted information includes instructions for ICE employees on conducting record checks on aliens, documenting the results of their searches, and compliance and audits of these checks. Further, the redacted information outlines the procedures ICE employees must follow depending on information they uncover following the entry of the alien's record check into ICE databases. Disclosure of this information could assist third parties in circumventing the law and avoiding detection by providing them a blueprint of the likely investigative steps the law enforcement officers will undertake based on the information available, which could enable bad actors to anticipate law enforcement actions and modify their behavior accordingly to avoid apprehension.  Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law.  The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 172 | Partial | **Document Title:** Enforcement and Removal Operations Criminal Alien Program Handbook<br><br>**Document Description:** This page is the first page in a longer document, Bates-stamped pages 108 through 174, which is the Enforcement and Removal Operations, Criminal Alien Division, Criminal Alien Program Handbook.<br><br>**Redacted Information: <u>Upon further consideration, ICE no longer claims Exemption (b)(7)(e) on this page and will reprocess.</u>**<br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |
| 2024-ICLI-00038, 175-176 | Partial | **Document Title:** WARRANT OF REMOVAL/DEPORTATION<br><br>**Document Description:** This document is a warrant of removal and deportation for Plaintiff.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, signature, and badge number of an ICE immigration officer. Partial redactions pursuant to FOIA Exemption (b)(7)(e) were made to a law enforcement sensitive information, specifically an internal event number. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name, signature, and badge number of an immigration officer employees constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information. Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law. The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 177 | Partial | **Document Title:** Progress Note<br><br>**Document Description:** This document is a progress note from medical providers regarding Plaintiff while detained.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 178 | Partial | **Document Title:** Progress Note<br><br>**Document Description:** This document is a progress note from medical providers regarding Plaintiff while detained.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 203 | Partial | **Document Title:** SEXUAL ABUSE SCREENING TOOL<br><br>**Document Description:** This document is a progress note from medical providers regarding Plaintiff while detained.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 206 | Partial | **Document Title:** Dental Note<br><br>**Document Description:** This document is a progress note from medical providers regarding Plaintiff while detained.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 212 | Partial | **Document Title:** COVID-19 Checklist<br><br>**Document Description:** This document is a COVID-19 checklist for ICE ERO transfers, removals, and released detainees.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, signature, and badge number of an ICE immigration officer.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 215 | Partial | **Document Title:** Health Services Forms<br><br>**Document Description:** This document is a progress note from medical providers regarding Plaintiff's request for medicine refills.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 216 | Partial | **Document Title:** Medication List<br><br>**Document Description:** This document is a list of medications for Plaintiff and instructions on using the medications for Plaintiff.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 218 | Partial | **Document Title:** Medication List<br><br>**Document Description:** This document is a list of medications for Plaintiff and instructions on using the medications.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 219 | Partial | **Document Title:** Medication List<br><br>**Document Description:** This document is a list of medications for Plaintiff and instructions on using the medications.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 221 | Partial | **Document Title:** Medication List<br><br>**Document Description:** This document is a list of medications for Plaintiff and instructions on using the medications. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | (b)(7)(c) |
| 2024-ICLI-00038, 224 | Partial | **Document Title:** Medication List<br><br>**Document Description:** This document is a list of medications for Plaintiff and instructions on using the medications.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 226 | Partial | **Document Title:** Patient Medical Record<br><br>**Document Description:** This document is a patient medical record detailing the types of records and page numbers associated with those records in the record.<br><br>**Redacted Information: <u>Upon further consideration, ICE no longer claims any Exemption on this page and will reprocess.</u>**<br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 227 | Partial | **Document Title:** Patient Vaccine Administration Record<br><br>**Document Description:** This document is an administrative record that includes information about Plaintiff's immunizations.<br><br>**Redacted Information:** **Upon further consideration, ICE no longer claims any Exemptions on this page and will reprocess.**<br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 228 | Partial | **Document Title:** Patient Vaccine Administration Record<br><br>**Document Description:** This document is an administrative record that includes information about Plaintiff's immunizations.<br><br>**Redacted Information:** **Upon further consideration, ICE no longer claims any Exemptions on this page and will reprocess.**<br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 229 | Partial | **Document Title:** Telephone Encounter<br><br>**Document Description:** This document is a form used to detail the release of information from the provider to the Office of the Principal Legal Advisor (OPLA).<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 230 | Partial | **Document Title:** Telephone Encounter<br><br>**Document Description:** This document is a form used to detail the release of information from the provider to the Office of the Principal Legal Advisor (OPLA).<br><br>**Redacted Information:** Further, partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 231 | Partial | **Document Title:** UNLOCKED PROGRESS NOTE<br><br>**Document Description:** This document is a note regarding Plaintiff's annual dental exam.<br><br>**Redacted Information:** <u>Upon further consideration, ICE no longer claims any Exemptions on this page and will reprocess.</u><br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 232 | Partial | **Document Title:** UNLOCKED PROGRESS NOTE<br><br>**Document Description:** This document is a note regarding Plaintiff's annual physical examination.<br><br>**Redacted Information: <u>Upon further consideration, ICE no longer claims any Exemptions on this page and will reprocess.</u>**<br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 233 | Partial | **Document Title:** Telephone Encounter<br><br>**Document Description:** This document is a medical summary for Plaintiff for what appears to be Plaintiff's request for information.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of three third-party individuals.<br><br>**Reason(s) for Redactions:** Third party information, including the names of three third-party individuals, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. Further, partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of three third-party individuals. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 234-235 | Partial | **Document Title:** Transfer Summary<br><br>**Document Description:** This document is a progress note for Plaintiff.<br><br>**Redacted Information: <u>Upon further consideration, ICE no longer claims any Exemptions on this page and will reprocess.</u>**<br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 236 | Partial | **Document Title:** UNLOCKED PROGRESS NOTE<br><br>**Document Description:** This document is a progress note for Plaintiff for an appointment with an optometrist.<br><br>**Redacted Information:** <u>**Upon further consideration, ICE no longer claims any Exemptions on this page and will reprocess.**</u><br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |
| 2024-ICLI-00038, 237-238 | Partial | **Document Title:** Dental Appointment<br><br>**Document Description:** This document is a progress note for Plaintiff for an appointment regarding a dental issue.<br><br>**Redacted Information:** <u>**Upon further consideration, ICE no longer claims any Exemptions on this page and will reprocess.**</u><br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |
| 2024-ICLI-00038, 241-242 | Partial | **Document Title:** Medical Appointment<br><br>**Document Description:** This document is a progress note for Plaintiff for an appointment regarding a dental issue.<br><br>**Redacted Information:** <u>**Upon further consideration, ICE no longer claims any Exemptions on this page and will reprocess.**</u><br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |
| 2024-ICLI-00038, 244-245 | Partial | **Document Title:** Medical Appointment<br><br>**Document Description:** This document is a progress note for Plaintiff for an appointment regarding a dental issue.<br><br>**Redacted Information:** <u>**Upon further consideration, ICE no longer claims any Exemptions on this page and will reprocess.**</u> | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:** | |
| 2024-ICLI-00038, 246-247 | Partial | **Document Title:** Medical Appointment<br><br>**Document Description:** This document is a progress note for Plaintiff for an appointment regarding a dental issue.<br><br>**Redacted Information: <u>Upon further consideration, ICE no longer claims any Exemptions on this page and will reprocess.</u>**<br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |
| 2024-ICLI-00038, 249-250 | Partial | **Document Title:** Medical Appointment<br><br>**Document Description:** This document is a form used to describe a medical appointment for Plaintiff regarding an issue with her contact lenses.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party. **<u>Upon further consideration, ICE will no longer claim Exemption (b)(6),(b)(7)(c) for the account number at the top of Bates-stamped page 249 and will reprocess.</u>**<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 251-252 | Partial | **Document Title:** Medical Appointment<br><br>**Document Description:** This document is a progress note for Plaintiff for an appointment regarding a dental issue.<br><br>**Redacted Information: <u>Upon further consideration, ICE no longer claims any Exemptions on this page and will reprocess.</u>** | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:** | |
| 2024-ICLI-00038, 253-255 | Partial | **Document Title:** Medical Appointment<br><br>**Document Description:** This document is a medical summary for Plaintiff's medical appointment for health issues.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the identification number of a third-party. **Upon further consideration, ICE will no longer claim an Exemption for the account number at the top of Bates-stamped page 253 and will reprocess.**<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including an identification number, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 256-259 | Partial | **Document Title:** Medical Appointment<br><br>**Document Description:** This document is Plaintiff's medical summary following an initial physical examination.<br><br>**Redacted Information:** **Upon further consideration, ICE no longer claims any Exemptions on this page and will reprocess.**<br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |
| 2024-ICLI-00038, 260-262 | Partial | **Document Title:** Medical Appointment<br><br>**Document Description:** This document is Plaintiff's medical summary following what appears to be an initial assessment by a nurse.<br><br>**Redacted Information:** **Upon further consideration, ICE no longer claims any Exemptions on this page and will reprocess.** | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:** | |
| 2024-ICLI-00038, 263-264 | Partial | **Document Title:** Medical Appointment<br><br>**Document Description:** This document is Plaintiff's medical summary following what appears to be an initial assessment by a nurse.<br><br>**Redacted Information: <u>Upon further consideration, ICE no longer claims any Exemptions on this page and will reprocess.</u>**<br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |
| 2024-ICLI-00038, 267 | Partial | **Document Title:** REFERRAL<br><br>**Document Description:** This document is Plaintiff's referral to an Optometrist.<br><br>**Redacted Information: <u>Upon further consideration, ICE no longer claims any Exemptions on this page and will reprocess.</u>**<br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |
| 2024-ICLI-00038, 268-270 | Partial | **Document Title:** Medical Appointment<br><br>**Document Description:** This document is Plaintiff's medical summary following an appointment for her contact lenses.<br><br>**Redacted Information: <u>Upon further consideration, ICE no longer claims any Exemptions on this page and will reprocess.</u>**<br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |
| 2024-ICLI-00038, 272 | Partial | **Document Title:** ICE Health Service Corps OPLA Request for Medical Records<br><br>**Document Description:** This form is used to document OPLA's request for medical records from the ICE Health Services Corp (IHSC).<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, signature, and phone number of an ICE attorney. Further, partial redactions | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of two third-party individuals.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Third party information, including names, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 276 | Partial | **Document Title:** Medical Appointment<br><br>**Document Description:** This document is Plaintiff's medical summary following an appointment for her contact lenses.<br><br>**Redacted Information:** <u>**Upon further consideration, ICE no longer claims any Exemptions on this page and will reprocess.**</u><br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |
| 2024-ICLI-00038, 281 | Partial | **Document Title:** Detainee Information Request Form<br><br>**Document Description:** This form is a document used by detainees when requesting information while detained at the Laredo Processing center. | Freedom of Information Act 5 U.S.C. § 552 |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 282 | Partial | **Document Title:** Detainee Information Request Form<br><br>**Document Description:** This form is a document used by detainees when requesting information while detained at the Laredo Processing center.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 283 | Partial | **Document Title:** Immigration Special Correspondence<br><br>**Document Description:** This document is a form used by detainees when requesting information.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 284 | Partial | **Document Title:** Immigration Special Correspondence<br><br>**Document Description:** This document is a form used by detainees when requesting information or assistance.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 285 | Partial | **Document Title:** Detainee Information Request Form<br><br>**Document Description:** This document is a form used by detainees when requesting information or assistance.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 286 | Partial | **Document Title:** Detainee Information Request Form<br><br>**Document Description:** This document is a form used by detainees when requesting information or assistance.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 287 | Partial | **Document Title:** Religious Diet Identification Card<br><br>**Document Description:** This document is a form used by detainees at the Laredo Processing Center to document detainees' dietary preferences based on their identified religion.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 288 | | **Document Title:** Detainee Information Request Form<br><br>**Document Description:** This document is a form used by detainees when requesting information or assistance. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | (b)(7)(c) |
| 2024-ICLI-00038, 289 | Partial | **Document Title:** Detainee Information Request Form<br><br>**Document Description:** This document is a form used by detainees when requesting information or assistance.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 290 | Partial | **Document Title:** Detainee Information Request Form<br><br>**Document Description:** This document is a form used by detainees when requesting information or assistance.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not | Freedom of Information Act 5 U.S.C. § 552 Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 291 | Partial | **Document Title:** Detainee Information Request Form<br><br>**Document Description:** This document is a form used by detainees when requesting information or assistance.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 292 | Partial | **Document Title:** Detainee Information Request Form<br><br>**Document Description:** This document is a form used by detainees when requesting information or assistance.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 293 | Partial | **Document Title:** South Texas ICE Processing Center Detainee File Checklist<br><br>**Document Description:** This document is a form used by the South Texas ICE Processing Center to ensure thoroughness and accuracy in detainee files.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of either ICE employees or third-parties.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names, signature, telephone number and office address of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Third party information, including names and signatures, were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 294 | Partial | **Document Title:** SOUTH TEXAS DETENTION COMPLEX SUBJECT PROFILE<br><br>**Document Description:** This document is a form used by the detention center which contains the Plaintiff's biographical information, status history, and personal property and fingerprints. The document also contains signatures and names of ICE employees and/or contractors. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of either ICE employees and/or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names and signatures of ICE employees and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 295 | Partial | **Document Title:** SOUTH TEXAS DETENTION COMPLEX SUBJECT PROFILE<br><br>**Document Description:** This document is a form used by the detention center which contains the Plaintiff's biographical information, status history, and personal property and fingerprints. The document also contains signatures and names of ICE employees and/or contractors.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact signature of an ICE employee and/or contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names and signatures of ICE employees and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 296 | Partial | **Document Title:** GEO SOUTH TEXAS DETENTION COMPLEX Resident Transaction Receipt<br><br>**Document Description:** This document appears to be a receipt for a financial transaction involving Plaintiff.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of either ICE employees and/or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names ICE employees and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), |
| 2024-ICLI-00038, 297 | Partial | **Document Title:** Cash Kiosk Voucher for PORTILLO MORENO, NYLSSA<br><br>**Document Description:** This document appears to be a voucher for cash belonging to the Plaintiff.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of either ICE employees and/or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names ICE employees and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 299 | Partial | **Document Title:** ORDER TO Release ALIEN<br><br>**Document Description:** This document is an order to release aliens, including the Plaintiff, and other third-party individuals.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of an ICE Deportation Officer (DO) and third-parties. **Upon further consideration, ICE no longer claims Exemption (b)(7)(e) and will reprocess this document.**<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and badge number of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Third party information, including names, birth dates, A# numbers, criminal history, and FINS numbers, were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 300 | Partial | **Document Title:** SOUTH TEXAS DETENTION COMPLEX SUBJECT PROFILE<br><br>**Document Description:** This document is a form used by the detention center which contains the Plaintiff's biographical information, status history, and personal property and fingerprints. The document also contains signatures and names of ICE employees and/or contractors.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact signature of an ICE employee and/or contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names and signatures of ICE employees and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 301 | Partial | **Document Title:** SOUTH TEXAS DETENTION COMPLEX SUBJECT PROFILE<br><br>**Document Description:** This document is a form used by the detention center which contains the Plaintiff's fingerprints. The document also contains signature and name of an ICE employees and/or contractors.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact signature of an ICE employee and/or contractor. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names and signatures of ICE employees and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 302 | Partial | **Document Title:** South Texas ICE Processing Center Detainee Orientation Acknowledgement

**Document Description:** This document is an acknowledgement form used by the South Texas ICE Processing Center that is used for detainees to review and sign to acknowledge they've received a copy of the detainee handbook and a copy of the ICE's Office of Detention and Removal Operations National Detainee Handbook.

**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of either ICE employees and/or contractors.

**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the printed name of an ICE employee and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 303 | Partial | **Document Title:** GEO Group Inc. South Texas ICE Processing Center<br><br>**Document Description:** This document is a receipt for items Plaintiff purchased while detained.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and signatures of either an ICE employee or contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the printed name and signature of an ICE employee and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 304 | Partial | **Document Title:** South Texas ICE Processing Center Property Receipt<br><br>**Document Description:** This document is a form used to document property items that were issued to the Plaintiff.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the printed name of either an ICE employee or contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the printed name and signature of an ICE employee and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 305 | Partial | **Document Title:** DETAINEE CRIMINAL HISTORY FOR CLASSIFICATION PURPOSES<br><br>**Document Description:** This document is an official ICE form used to detail a detainee's criminal history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature and name of a Deportation Officer. A partial redaction under (b)(7)(e) were made to redact sensitive law enforcement information.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the printed name and signature of an ICE employee and/or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | enforcement investigations by compromising the integrity of the information and manipulating the stored information.   Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law.  The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 306-308 | Partial | **Document Title:** Record of Deportable/Inadmissible Alien

**Document Description:** This document is an official DHS form used to document biographical data and the record and entry data of Plaintiff.

**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature and name of a Deportation Officer and other ICE employees or contractors and the third-party PII.

**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the printed names and signatures of ICE employees or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

Third party information, including names and addresses, were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information.   Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law.  The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 309-311 | Partial | **Document Title:** South Texas Detention Complex Custody Classification Worksheet

**Document Description:** This document is used to classify detainees at the South Texas Detention Complex facility based on special vulnerabilities, management concerns and past criminal history.

**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature of an ICE employee or contractor. Partial redactions under (b)(7)(e) were made to redact sensitive law enforcement information.

**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the printed name and signature of ICE employees or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Here, the redacted information includes a worksheet that is used by law enforcement to determine a detainee's level of classification for custody purposes based on various relevant factors. The ICE employee used this classification worksheet and criteria to assign Plaintiff an appropriate custody level. Disclosure of this information could assist third parties in circumventing the law and avoiding detection by revealing techniques used by ICE agents to assess potential threat level posed by detainees such as the most relevant factors to be taken into consideration when conducting analysis.  Disclosure of these factors could enable bad actors to anticipate law enforcement actions and modify their behavior accordingly to avoid apprehension. Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law.  The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 312 | Partial | **Document Title:** PREA Vulnerability Reassessment Questionnaire<br><br>**Document Description:** This document is used to determine a detainee's vulnerability while detained.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature of an ICE employee or contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the printed name and signature of ICE employees or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 313-315 | Partial | **Document Title:** South Texas Detention Complex Custody Classification Worksheet<br><br>**Document Description:** This document is used to classify detainees at the South Texas Detention Complex facility based on special vulnerabilities, management concerns and past criminal history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature of an ICE employee or contractor. Partial redactions under (b)(7)(e) were made to redact sensitive law enforcement information.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the printed name and signature of ICE employees or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Here, the redacted information includes a worksheet that is used by law enforcement to determine a detainee's level of classification for custody purposes based on various relevant factors. The ICE employee used this classification worksheet and criteria to assign Plaintiff an appropriate custody level. Disclosure of this information could assist third parties in circumventing the law and avoiding detection by revealing techniques used by ICE agents to assess potential threat level posed by detainees such as the most relevant factors to be taken into | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | consideration when conducting analysis.  Disclosure of these factors could enable bad actors to anticipate law enforcement actions and modify their behavior accordingly to avoid apprehension.  Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law.  The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 316 | Partial | **Document Title:** South Texas ICE Processing Center PREA Risk Assessment<br><br>**Document Description:** This document is an assessment tool used by ICE to determine a detainee's risk of victimization while detained.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature of an ICE employee or contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the printed name and signature of ICE employees or contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), |
| 2024-ICLI-00038, 317 | Partial | **Document Title:** ORDER TO DETAIN OR RELEASE ALIENS<br><br>**Document Description:** This document is a form used to document order to either detain or release detainees.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature and name of an ICE employee or contractor and third-party PII. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and badge number of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

Third party information, including name, birth dates, A# and nationality were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 318 | Partial | **Document Title:** Intake Process Log

**Document Description:** This is an intake form used at the South Texas Detention Complex to document the intake process.

**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature and name of an ICE employee or contractor and third-party PII.

**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Third party information, including name, birth dates, A# and nationality were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 321 | Partial | **Document Title:** Detainees received surgical masks and were trained on how to properly wear PPE on 4/10/2020.<br><br>**Document Description:** This document is an acknowledgement signed by an ICE employee or contractor indicating that detainees received surgical masks and training on how to use them during the COVID pandemic in 2020.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature and name of an ICE employee or contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 322 | Partial | **Document Title:** South Texas ICE Processing Center Grievance Return Notification<br><br>**Document Description:** This document is a form completed by staff in response to a grievance filed by a detainee.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature and name of an ICE employee or contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 323 | Partial | **Document Title:** Grievance #077470913<br><br>**Document Description:** This document is a request by Plaintiff for time in the detention facility's library.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 324 | Full | **Document Title:** GEOtrack Subject Management General Information<br><br>**Document Description:** This document is an alien booking record for a third-party which includes her subject ID, full name, date of birth, and other personal information.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, ID, date of birth, and other personal information of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including name, birth date, subject ID and other personal information were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 325 | Partial | **Document Title:** FD Dorm Allegations<br><br>**Document Description:** This document is an email between a group of ICE contractors regarding a grievance request filed by Plaintiff.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and email addresses of ICE employees or contractors. Further, a partial | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | redaction was made pursuant to Exemption (b)(7)(e) to redact an internal database code contained within a URL.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names, emails, and phone number of ICE contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Third party information, including name and A# number of a third party were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government.<br><br>FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information. Disclosure of information not commonly known to the public could reasonably | |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | be expected to risk circumvention of the law. The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 326-327 | Partial | **Document Title:** South Texas ICE Processing Center Grievance Return Notification<br><br>**Document Description:** This document is a form completed by staff in response to a grievance filed by a detainee.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature and name of an ICE employee or contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 328 | Partial | **Document Title:** Grievance #077469753<br><br>**Document Description:** This document is a request by Plaintiff for time in the detention facility's library.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 329 | Partial | **Document Title:** Grievance #076895283<br><br>**Document Description:** This document is a request by Plaintiff for time in the detention facility's library.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 330 | Partial | **Document Title:** GEOtrack Subject Management - Grievances<br><br>**Document Description:** This document is a record detailing a grievance filed by Plaintiff regarding a request for contact solution refill. | Freedom of Information Act 5 U.S.C. § 552 |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of ICE employees or contractors. Partial redactions under (b)(7)(e) were made to redact sensitive law enforcement information.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information. Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law. The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 331 | Partial | **Document Title:** Grievance #077507333<br><br>**Document Description:** This document is a request by Plaintiff for time in the detention facility's library.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 333 | Partial | **Document Title:** South Texas ICE Processing Center Grievance Return Notification<br><br>**Document Description:** This document is a form completed by staff in response to a grievance filed by a detainee.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature and name of an ICE employee or contractor.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 334 | Partial | **Document Title:** Grievance #084214003<br><br>**Document Description:** This document is detailing a grievance filed by Plaintiff about another detainee.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the signature and name of an ICE employee or contractor and a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Third party information, including the name of a third party, were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 335 | Full | **Document Title:** GEOtrack Subject Management General Information<br><br>**Document Description:** This document is an alien booking record for a third-party which includes her subject ID, full name, date of birth, and other personal information.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, ID, date of birth, and other personal information of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including name, birth date, subject ID and other personal information were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 336 | Partial | **Document Title:** PD allegation<br><br>**Document Description:** This document is an email between a group of ICE contractors regarding a grievance request filed by Plaintiff.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names and email addresses of ICE employees or contractors. Further, a partial redaction was made pursuant to Exemption (b)(7)(e) to redact an internal database code contained within a URL.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the names, emails, and phone number of ICE contractors constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. Third party information, including name and A# number of a third party were redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information.   Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law.  The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 337 | Partial | **Document Title:** Request #088258363 **Document Description:** This document is a request by Plaintiff for time in the detention facility's library. **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 338 | Partial | **Document Title:** Request #088108863 <br><br> **Document Description:** This document is a request by Plaintiff for time in the detention facility's library. <br><br> **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors. <br><br> **Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 339 | Partial | **Document Title:** Request #085677163<br><br>**Document Description:** This document is a request by Plaintiff for copies.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 340 | Partial | **Document Title:** Request #085677103<br><br>**Document Description:** This document is a request by Plaintiff for library time.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 341 | Partial | **Document Title:** Request #085677103<br><br>**Document Description:** This document is a request by Plaintiff for library time.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 342 | Partial | **Document Title:** Request #085733793<br><br>**Document Description:** This document is a request by Plaintiff for library time.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 343 | Partial | **Document Title:** Request #082566783<br><br>**Document Description:** This document is a request by Plaintiff for library time.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 344 | Partial | **Document Title:** Request #086854713<br><br>**Document Description:** This document is a request by Plaintiff for library time. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | (b)(7)(c) |
| 2024-ICLI-00038, 345 | Partial | **Document Title:** Request #086674923<br><br>**Document Description:** This document is a request by Plaintiff for library time.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | | |
| 2024-ICLI-00038, 346 | Partial | **Document Title:** Request #088694073<br><br>**Document Description:** This document is a request by Plaintiff for library time.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 347 | Partial | **Document Title:** Request #088796023<br><br>**Document Description:** This document is a request by Plaintiff for copies of her USB documents.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 348 | Partial | **Document Title:** ePOCR screenshot<br><br>**Document Description:** This document is a screenshot of the search that was conducted as part of ICE's response to Plaintiff's FOIA request.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of an ICE employee.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 349 | Partial | **Document Title:** Patient Snapshot<br><br>**Document Description:** This document is a patient snapshot for Plaintiff.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 350 | Partial | **Document Title:** Transfer Summary<br><br>**Document Description:** This document is a medical note regarding Plaintiff as part of a transfer summary.<br><br>**Redacted Information:** A partial redaction was made pursuant to Exemption (b)(7)(e) to redact an internal database code contained within a URL. **Upon further consideration, ICE no longer claims Exemption (b)(6), (b)(7)(c) and (b)(7)(e) on the top part of the page and will reprocess this document.**<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information. Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law. The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(e) |
| 2024-ICLI-00038, 351 | Partial | **Document Title:** Patient Report<br><br>**Document Description:** This document is a medical report regarding Plaintiff. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | (b)(7)(c) |
| 2024-ICLI-00038, 352 | Partial | **Document Title:** HEALTH CARE SERVICES – GENERAL CONSENT (ICE facilities)<br><br>**Document Description:** This document is a form used to document Plaintiff's medical history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 354 | Partial | **Document Title:** Varicella/Mumps/Flu Screening<br><br>**Document Description:** This document is a form used to document Plaintiff's medical history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 355 | Partial | **Document Title:** Health Services Progress Note<br><br>**Document Description:** This document is a form used to document Plaintiff's medical history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 356 | Partial | **Document Title:** Prostheses, Orthoses, & Other Aid Impairments Receipt<br><br>**Document Description:** This document is a form used to document Plaintiff's medical history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 357-361 | Partial | **Document Title:** Initial Intake Screening<br><br>**Document Description:** This document is a form used to document Plaintiff's medical history. | Freedom of Information Act 5 U.S.C. § 552 |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 362-365 | Partial | **Document Title:** EYE PROBLEMS (Ex. Foreign Body or Irritation)<br><br>**Document Description:** This document is a form used to document Plaintiff's medical history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 366 | Partial | **Document Title:** Solicitud de consulta medica<br><br>**Document Description:** This document is a Spanish-language form that Plaintiff used to document a medical issue.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 367 | Partial | **Document Title:** Medication List<br><br>**Document Description:** This is a form used to document Plaintiff's list of medications.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 368 | Partial | **Document Title:** Programa Tener-En-Persona (TEP)<br><br>**Document Description:** This document is a form used to document a detainee's right to keep certain prescription drugs in their possession.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 369-371 | Partial | **Document Title:** Inmate/Resident Health Appraisal<br><br>**Document Description:** This document is a form used to document Plaintiff's medical history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 372 | Partial | **Document Title:** Medication List<br><br>**Document Description:** This is a form used to document Plaintiff's list of medications.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 373 | Partial | **Document Title:** Programa Tener-En-Persona (TEP)<br><br>**Document Description:** This document is a form used to document a detainee's right to keep certain prescription drugs in their possession.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 374 | Partial | **Document Title:** Progress Note<br><br>**Document Description:** This is a form used to document Plaintiff's medical progress.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 375 | Partial | **Document Title:** Sick Call Request<br><br>**Document Description:** This document is used to document Plaintiff's request for medical treatment.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 376 | Partial | **Document Title:** Progress Note<br><br>**Document Description:** This is a form used to document Plaintiff's medical progress.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 377-379 | Partial | **Document Title:** Menstrual Cramps<br><br>**Document Description:** This document is a form used to document Plaintiff's medical history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 380-381 | Partial | **Document Title:** Comprehensive Mental Health Evaluation<br><br>**Document Description:** This is a form used to document Plaintiff's mental health history. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | (b)(7)(c) |
| 2024-ICLI-00038, 383 | Partial | **Document Title:** Health Services Forms<br><br>**Document Description:** This document is a form used to document Plaintiff's medical history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 384 | Partial | **Document Title:** Solicitud de consulta medica<br><br>**Document Description:** This document is a Spanish-language form that Plaintiff used to document a medical issue.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 385 | Partial | **Document Title:** Health Services Forms<br><br>**Document Description:** This document is a form used to document Plaintiff's medical history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 386 | Partial | **Document Title:** Solicitud de consulta medica<br><br>**Document Description:** This document is a Spanish-language form that Plaintiff used to document a medical issue.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 387-390 | Partial | **Document Title:** OTHER SKING CONDITIONS (Example: Acne, etc.)<br><br>**Document Description:** This document is a form used to document Plaintiff's medical history and skin conditions.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 391 | Partial | **Document Title:** Solicitud de consulta medica<br><br>**Document Description:** This document is a Spanish-language form that Plaintiff used to document a medical issue.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 392 | Partial | **Document Title:** Medication List<br><br>**Document Description:** This is a form used to document Plaintiff's list of medications. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | (b)(7)(c) |
| 2024-ICLI-00038, 393 | Partial | **Document Title:** Solicitud de consulta medica<br><br>**Document Description:** This document is a Spanish-language form that Plaintiff used to document a medical issue.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 394 | Partial | **Document Title:** Health Services Forms<br><br>**Document Description:** This document is a form used to document Plaintiff's medical history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 395 | Partial | **Document Title:** Progress Note<br><br>**Document Description:** This is a form used to document Plaintiff's medical progress.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 396 | Partial | **Document Title:** Medication List<br><br>**Document Description:** This is a form used to document Plaintiff's list of medications.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, | Partial | **Document Title:** Keep-On-Person (KOP) Program | Freedom of Information |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 397 | | **Document Description:** This document is a form used to document a detainee's right to keep certain prescription drugs in their possession.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 398 | Partial | **Document Title:** Solicitud de consulta medica<br><br>**Document Description:** This document is a Spanish-language form that Plaintiff used to document a medical issue.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 399 | Partial | **Document Title:** Health Services Forms<br><br>**Document Description:** This document is a form used to document Plaintiff's medical history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 400 | Partial | **Document Title:** Antecedentes medicos de paciente de odontologia<br><br>**Document Description:** This document is a Spanish-language form documenting Plaintiff's dental history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 401-402 | Partial | **Document Title:** Dental Examination<br><br>**Document Description:** This document is a form used to document Plaintiff's dental examination while detained.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 403 | Partial | **Document Title:** Dental Note<br><br>**Document Description:** This document is a progress note from medical providers regarding Plaintiff while detained.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 406 | Partial | **Document Title:** Health Services Forms<br><br>**Document Description:** This document is a form used to document Plaintiff's medical history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, | Partial | **Document Title:** Health Services Forms<br><br>**Document Description:** This document is a form used to document Plaintiff's medical history. | Freedom of Information |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 407 | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 408-409 | Partial | **Document Title:** SEXUAL ABUSE SCREENING TOOL<br><br>**Document Description:** This document is a form used to screen Plaintiff for sexual abuse.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 410 | Partial | **Document Title:** Keep-On-Person (KOP) Program<br><br>**Document Description:** This document is a form used to document a detainee's right to keep certain prescription drugs in their possession.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 411 | Partial | **Document Title:** Medication List<br><br>**Document Description:** This document is a list of medications for Plaintiff and instructions on using the medications for Plaintiff.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 412-415 | Partial | **Document Title:** Orthopedic Injuries<br><br>**Document Description:** This document is a four-page form used to document Plaintiff's medical history and orthopedic injuries.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 416 | Partial | **Document Title:** Sick Call Request<br><br>**Document Description:** This document is used to document Plaintiff's request for medical treatment.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 417-418 | Partial | **Document Title:** To Be Performed at: On Site<br><br>**Document Description:** This document is a form used to document Plaintiff's medical history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 419 | Partial | **Document Title:** Health Services Forms<br><br>**Document Description:** This document is a form used to document Plaintiff's medical history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| 2024-ICLI-00038, 420 | Partial | **Document Title:** Prisoner in Transit Medical Summary<br><br>**Document Description:** This form is used to document Plaintiff's medical history.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 421 | Partial | **Document Title:** Patient Report<br><br>**Document Description:** This document is a medical report regarding Plaintiff.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 422 | Partial | **Document Title:** COVID-19 Checklist<br><br>**Document Description:** This document is a COVID-19 checklist for ICE ERO transfers, removals, and released detainees.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name, signature, and badge number of an ICE immigration officer.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name and signature of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 423-424 | Partial | **Document Title:** LAW ENFORCEMENT SENSITIVE<br><br>**Document Description:** This document is a government form used to document the results of an IAQ query.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the name of a third-party. Partial redactions pursuant to FOIA Exemption (b)(7)(e) were made to internal codes, alerts, and file numbers.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(c): Third party information, including the name of a third party, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |
| | | FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information.   Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law.  The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 425-428 | Partial | **Document Title:** Portillo Moreno, Nylssa Krysthella 072 407 044 DUE 7/9/2024 <br><br> **Document Description:** This document is an internal email thread exchange from a Deputy Chief of Staff to ICE employees regarding documents requested in Plaintiff's FOIA appeal. <br><br> **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names, email addresses, and phone numbers of ICE employees. Partial redactions pursuant to FOIA Exemption (b)(7)(e) was made to redact internal case ID numbers. **Upon further consideration, ICE no longer claims Exemption (b)(7)(e) for some email addresses in this document and instead claims Exemption (b)(6) and (b)(7)(c).** <br><br> **Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name, email, or phone number of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.

FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information.  Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law.  The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 429-430 | Partial | **Document Title:** Due April 5: ERO TASKER – 24033037.1 #072 407 044. Moreno… has been assigned to you

**Document Description:** This document is an internal email exchange between a DDO and Deputy Chief of Staff regarding providing records related to Plaintiff's religious diet request and chaplaincy log.

**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names, email addresses, and phone numbers of ICE employees. Partial redactions pursuant to FOIA Exemption (b)(7)(e) was made to redact internal case ID numbers.

**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name, email, or phone number of an ICE employee or contractor constitutes an unwarranted invasion of personal | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c), (b)(7)(e) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemption (b)(7)(e) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of the law enforcement sensitive information pertaining to the subject, specifically an internal code and file number, could permit malicious actors seeking to interfere with law enforcement investigations and/or operations to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations by manipulating the codes and unlawfully accessing the information. Revealing case codes and case numbers to the public thus could disrupt investigations and allow third parties to thwart law enforcement investigations by compromising the integrity of the information and manipulating the stored information. Disclosure of information not commonly known to the public could reasonably be expected to risk circumvention of the law. The disclosure of this law enforcement sensitive information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2024-ICLI-00038, 432 | Partial | **Document Title:** Request #087351293<br><br>**Document Description:** This document is a request by Plaintiff that her custody status be reconsidered.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 433 | Partial | **Document Title:** Request #087351683<br><br>**Document Description:** This document is a request by Plaintiff requesting assistance because of an upcoming medical appointment.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 434 | Partial | **Document Title:** Request #086854953<br><br>**Document Description:** This document is a request by Plaintiff requesting assistance locating information about the parole process.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 435 | Partial | **Document Title:** Request #086475433<br><br>**Document Description:** This document is a request by Plaintiff requesting assistance in confirming that a letter and package she sent to her DO was received by the DO.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 436 | Partial | **Document Title:** Request #086475803<br><br>**Document Description:** This document is a request by Plaintiff requesting assistance in speaking to an officer that she spoke with previously in her dormitory.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 437 | Partial | **Document Title:** Request #086415043<br><br>**Document Description:** This document is a request by Plaintiff requesting reconsideration of her case due to her fears of COVID-19.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 438 | Partial | **Document Title:** Request #085803893<br><br>**Document Description:** This document is a request by Plaintiff requesting a reconsideration of her custody status and reconsideration for release from detention.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 439 | Partial | **Document Title:** Request #085803383<br><br>**Document Description:** This document is a request by Plaintiff requesting confirmation that documents Plaintiff sent were received. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | (b)(7)(c) |
| 2024-ICLI-00038, 440 | Partial | **Document Title:** Request #084753583<br><br>**Document Description:** This document is a request by Plaintiff requesting a bond so that Plaintiff can assist her mother.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 441 | Partial | **Document Title:** Request #084213453<br><br>**Document Description:** This document is a request by Plaintiff requesting assistance in preventing an issue in her dormitory.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 442 | Partial | **Document Title:** Request #076859643<br><br>**Document Description:** This document is a request by Plaintiff requesting that she be allowed to speak with her DO to confirm if the DO received Plaintiff's petition to reopen her case.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 443 | Partial | **Document Title:** Request #075221013<br><br>**Document Description:** This document is a request by Plaintiff requesting that she speak with her DO about a credible fear application.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of  law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 444 | Partial | **Document Title:** Request #075020693<br><br>**Document Description:** This document is a request by Plaintiff for copies of her I-589 and interviews from 1991 through 1996.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2024-ICLI-00038, 445 | Partial | **Document Title:** Request #075020423<br><br>**Document Description:** This document is a request by Plaintiff for a copy of her 1993 deportation order.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 446 | Partial | **Document Title:** Request #074986803<br><br>**Document Description:** In this document, Plaintiff is requesting to speak with her DO about her asylum case. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | (b)(7)(c) |
| 2024-ICLI-00038, 447 | Partial | **Document Title:** Request #073721563<br><br>**Document Description:** This document is a request from Plaintiff for a copy of Plaintiff's mother's A-File dating back to 1992.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 2024-ICLI-00038, 448 | Partial | **Document Title:** Request #073720713<br><br>**Document Description:** This document is a request from Plaintiff for a copy of Plaintiff's fathers A-File from 1984 to the then-current date.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2024-ICLI-00038, 449 | Partial | **Document Title:** Request #073719483<br><br>**Document Description:** This document is a request by Plaintiff for a copy of all of her A-File records.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names of ICE employees or contractors<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): disclosure of the name of an ICE employee or contractor constitutes an unwarranted invasion of personal privacy by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and disclosure could minimize the ability to effectively conduct future investigations. ICE has been designated as a Security/Sensitive Agency under the U.S. Office of Personnel Management's official Data Release Policy, recognizing that ICE | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | employees are subject to heightened risk of harassment or attack by virtue of their employment with ICE. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. | |
| REL00000 92605.000 2.0003 (1)-H | Partial | **Document Title:** Form I-216<br><br>**Document Description:** This document is an Excel spreadsheet which is being used to document the names and other personal information of Plaintiff and a third-party in the spreadsheet.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names, file number, date of birth, and nationality, status, gender, criminal history, gang membership, classification level, Fins#, subject ID and comments of two third-party individuals.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): Third party information, including names, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| REL00000 92605.000 2.0010.00 03 (1)-H | Partial | **Document Title:** Form I-216<br><br>**Document Description:** This document is an Excel spreadsheet which is being used to document the names and other personal information of Plaintiff and a third-party in the spreadsheet.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were made to redact the names, file number, date of birth, and nationality, status, gender, criminal history, gang membership, classification level, Fins#, subject ID and comments of two third-party individuals.<br><br>**Reason(s) for Redactions:** FOIA Exemption (b)(6) and (b)(7)(C): Third party information, including names, was redacted because third parties identified in the records have not consented to the disclosure of their PII. The disclosure of third party PII could result in unwarranted invasion of privacy and subject the individuals to embarrassment, harassment, and undue public attention. The | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of this information. Such disclosure would also not shed light on the operations or activities of the government. | |