# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| REFUGEE AND IMMIGRATION § <br> CENTER FOR EDUCATION AND § <br> LEGAL SERVICES, § <br> Plaintiff, § <br> v. § <br> § <br> UNITED STATES IMMIGRATION § <br> AND CUSTOMS ENFORCEMENT, § <br> Defendant. § | A-24-CV-876-RP |

## ORDER
## AND
## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court are Plaintiff's Motion for Summary Judgment of Violation of the Freedom of Information Act (Dkt. 17), Defendant's Cross-Motion for Summary Judgment (Dkt. 24), and all related briefing.[1] After reviewing the pleadings, Defendant's declarations, and relevant case law, the undersigned found the evidence before the court insufficient to determine whether Defendant had conducted an adequate search in response to Plaintiff's Freedom of Information Act ("FOIA") request from April 2022. 5 U.S.C. § 552.

On July 30, 2025, the undersigned held a hearing on the motions in order to obtain additional information regarding the adequacy of Defendant's search. In advance of the hearing, the undersigned provided the parties with specific questions that they should be prepared to answer. Dkt. 28. At the hearing, Defendant was unable to satisfactorily answer all of the

---

[1] The motions for summary judgment were referred by United States District Judge Robert Pitman to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Orders dated Apr. 9, 2025.

1

undersigned's questions, and the undersigned still could not ascertain whether ICE conducted an adequate search.[2] Therefore, the undersigned ordered Defendant to conduct an additional search and supplement its declarations and *Vaughn* index.

I. **ORDER**

Specifically, Defendant is **ORDERED** to:

1. Using both Ms. Portillo Moreno's name as a standalone search term and Ms. Portillo Moreno's A-number as a standalone search term, search (a) ICE OPLA's OCMS system; (b) ICE's EID system (including the RCA module in ENFORCE); (c) ICE's shared drives; and (d) ICE's Office of Congressional Relations, Office of Professional Responsibility, and Office of the Principal Legal Advisor (including each office's systems of record, any physical records, and communication systems); and produce all resulting records[3] free from improper redactions and withholdings.

2. Search, using Ms. Portillo Moreno's name as a standalone search term, all records authored or maintained by (a) all ICE-affiliated individuals who accessed Ms. Portillo Moreno's OCMS records as reflected in the OCMS audit trail; (b) all ICE-affiliated individuals who accessed Ms. Portillo Moreno's EID records as reflected in EID's audit trails; and (c) the

---

[2] The parties' motions address both the adequacy of the search and the propriety of Defendant's withholdings under 5 U.S.C. § 552(b). However, the undersigned need not reach arguments regarding the withholdings until the search is found adequate. *See Entero v. FEMA*, 2023 WL 6014397, at *10 (S.D. Tex. Jun. 12, 2023) ("Although it may be that some responsive information may be properly withheld under FOIA's law enforcement exemption, in light of my determination that the Government's search . . . was insufficient to merit summary judgment, it is premature at this stage to conduct this analysis.") (quoting *Am. Immigr. Laws. Ass'n v. U.S. Dep't of Homeland Sec.*, 306 F. Supp. 3d 162, 165 (D.D.C. 2018)).

[3] The term "records" as used in this Order includes all records preserved in electronic or written form, including but not limited to: documents; communications (i.e., transmissions of information or data in any form, including, without limitation, written, oral, or electronic transmissions, including, but not limited to, emails); images, video and audio recordings; social media posts; formal and informal presentations; notes; alerts; bulletins; advisories; and minutes or notes of meetings (however conducted).

individuals referenced in Plaintiff's August 1, 2025, email to Defendant's counsel and the Court; and produce all resulting records free from improper redactions and withholdings.

3. Search Ms. Portillo Moreno's A-file and detention file(s) for any records related to her 2019-2020 detention and ICE's final decision to release Ms. Portillo Moreno from ICE detention.

4. For any searches for which the result is no records found, provide a screenshot of the results of the search reflecting no records returned.

5. Produce the following documents related to Ms. Portillo Moreno or a declaration under penalty of perjury that such documents do not exist:

    a. 2019 Form I-200 (Administrative Warrant of Arrest)

    b. Form I-217 (Information for Travel Document or Passport)

    c. Form I-286 (Notice of Custody Determination)

    d. Form I-826 or I-848 or I-848A (Notice of Rights and Request for Disposition)

    e. Form I-877 and/or Form G-166 (Record of Sworn Statement)

    f. *Orantes* advisal

    g. 1993 Final Order of Removal; and

    h. BIA decision on appeal of 1993 Final Order of Removal.

6. Provide an amended, adequate declaration that (i) includes job titles of the individual(s) who conducted each search, (ii) identifies what search terms were used; (iii) describes how the search was conducted; (d) describes the search results and any results withheld from production, and (iv) modifies the supplemental Pineiro declaration to correct inaccuracies as follows:

    a. Remove statements in paragraphs 21 and 43 that there are no OPLA records related to Ms. Portillo Moreno; and

    b. Remove the statement in paragraph 7 that ICE's initial FOIA response directed RAICES to seek A-file records from USCIS.

7. Provide an amended *Vaughn* index that includes any new records identified by ICE in these subsequent searches, a description of the records and any redactions or withholdings, the reasons for any redactions or withholdings, and the FOIA exemption applied and that corrects any misstatements or errors in the *Vaughn* index.

**IT IS FURTHER ORDERED** that Defendant conduct the searches described above and make its production to Plaintiff by **September 12, 2025**. Plaintiff shall have until **September 26, 2025** to review the production.

**IT IS FURTHER ORDERED** that the parties submit a joint notice describing the results of Defendant's supplemental search and any outstanding issues by **October 3, 2025**.

Finally, the undersigned **SETS** a status conference via Zoom on **October 8, 2025 at 2:00 p.m.** local time. Should the parties indicate in their joint notice that there are no remaining issues before the court, the undersigned will cancel the status conference.

## II.  RECOMMENDATIONS

Due to the ongoing search, the undersigned finds the issues presented in the parties' motions to be outdated. Should the parties have any remaining conflicts after the conclusion of the supplemental search, the parties and the court will benefit from an updated motions practice. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion for Summary Judgment of Violation of the Freedom of Information Act (Dkt. 17) and Defendant's Cross-Motion for Summary Judgment (Dkt. 24) be **DISMISSED WITHOUT PREJUDICE**.

### III. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Sers. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED August 5, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE